Willie HOLLY, Appellant,

v.

W. Frank SMYTH, Jr., Superintendent of
the Virginia State Penitentiary,
Appellee.

No. 8339.

United States Court of Appeals
Fourth Circuit.

Argued June 23, 1961.

Decided Sept. 14, 1961.

F. D. G. Ribble and Daniel J. Meador,
Charlottesville, Va. (court-assigned
counsel), for appellant.

Reno S. Harp, III, Asst. Atty. Gen. of
Virginia (Frederick T. Gray, Atty. Gen.
of Virginia, on brief), for appellee.

Before SOBELOFF, Chief Judge, and
HAYNSWORTH and BOREMAN, Cir-
cuit Judges.

PER CURIAM.

This case was here once before, 4 Cir.,
280 F.2d 536. On that occasion we held
that the petition by a state prisoner for
federal habeas corpus relief should not
have been dismissed without a hearing.
The petitioner claimed that the two sen-
tences for recidivism which he is serving,
one (imposed in 1951) for ten years in
the penitentiary as a third offender and
another for 15 years (imposed in 1957)
as a fourth offender, are void under the
Fourteenth Amendment. His reason is
that included in the earlier convictions
upon which these two additional punish-
ments were predicated was a conviction
—his first—in 1942, when the petitioner,
then only 17 years old, was not furnished
counsel at his trial. We ordered a hear-
ing to ascertain the truth of the allega-
tions of the petition.

A hearing was held, in which the Dis-
trict Court found that Holly had a law-
yer in the 1942 proceeding. From this
finding no appeal was taken. However,
in the course of the District Court pro-
ceedings his court-appointed counsel of-
fered an amendment to his petition in
which the claim was made that the recid-
ivist proceedings themselves were void
under the Due Process and Equal Pro-
tection clauses of the Fourteenth Amend-
ment because in those proceedings he had
no counsel and was financially unable to
pay counsel. The state officers having
Holly in custody answered, admitting
that he was without legal representation
in the recidivist proceedings and that he
was financially unable to employ counsel,
but defended on the ground that as no
special circumstances were alleged there
had been no showing of a denial of con-
stitutional rights.

Holly thus sought a square ruling on
the question whether, apart from youth
or any exceptional circumstances, an in-
digent defendant against whom the state
moves to imprison him for a long term
of years is entitled under constitutional
guarantees to the services of appointed
counsel. With great cogency his counsel
argued to this court that the distinction
asserted in Betts v. Brady, 316 U.S. 455,
62 S.Ct. 1252, 86 L.Ed. 1595, between
capital and non-capital cases, has been
substantially repudiated by the Supreme
Court.

An additional defense was interposed, namely, that Holly had failed to exhaust state remedies in that the amended petition raised for the first time in the federal court matter which had never been presented to the state courts. Examination of the state court proceedings verifies this defense. In the state courts no attack had been made on the ground that Holly had no counsel in the recidivist proceedings. We cannot assume what the state courts' action would be if presented with this issue. In the circumstances we think that this state prisoner's application for federal relief must be denied at this time. We express no opinion, but keep open for future determination the legal issues that have been argued.