James Edward HALL, Petitioner,

v.

STATE OF OHIO, Respondent.

No. C-3-81-614.

United States District Court,
S. D. Ohio, W. D.

March 25, 1982.

James Edward Hall, petitioner pro se.

William J. Brown, Atty. Gen., State of Ohio, Columbus, Ohio, for respondent.

DECISION AND ENTRY OVERRULING ALL BUT ONE OF PETITIONER'S CLAIMS SET FORTH IN APPLICATION FOR WRIT OF HABEAS CORPUS; PROCEDURES SET FORTH TO RESOLVE REMAINING ISSUE

RICE, District Judge.

The captioned cause is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner alleges that his rights under the first, fourth, fifth, sixth and fourteenth amendments were violated when, after having completed a five year parole period, imposed upon him in 1974 for a felony conviction in 1969, he was kidnapped and returned to the Ohio State Penitentiary, and thereafter sentenced by the Adult Parole Authority ("APA") to an additional three year prison term, even though he had not been convicted of any felony in the interim. The matter is currently before the Court for preliminary consideration pursuant to 28 U.S.C. § 2254, Rule 4.

From the petition and exhibits annexed thereto, the Court has gleaned the following chronology of events and pertinent factual allegations:

In 1969, petitioner was convicted in Montgomery County Common Pleas Court of burglary of an inhabited dwelling during the night season, for which he was sentenced to life imprisonment. According to petitioner, oral argument on his appeal was scheduled for August 11, 1969; however,

neither of his attorneys appeared for said argument, and his conviction was affirmed. Petitioner's motion for leave to appeal to the Ohio Supreme Court was thereafter denied.

On November 18, 1974, petitioner's sentence was commuted by then-Governor John Gilligan from life to "a minimum of five years and a maximum of life." *See,* App. # 1. Petitioner alleges that, on or about December 13, 1974, he was placed on five years parole by two members of the APA. Exh. A, at 1.

Petitioner was arrested in Middletown, Ohio, on May 13, 1980 and held in the city jail. On an unspecified date in June, 1980, petitioner was transferred from the Middletown City jail to the Butler County jail. Petitioner alleges that his parole officer, Charles Nelson, filed a "holder" or detainer on him shortly after his arrest and confinement. Whether petitioner was in the Middletown City jail or the Butler County jail when this occurred does not appear.

On June 24, 1980, petitioner says that he was taken to Mercy Hospital in Hamilton, Ohio, for x-rays of his skull. Petitioner further says that, although he was told by a nun and a doctor that he was suffering from a badly fractured skull and that he was going to be admitted to the hospital for treatment, he was not admitted. The cause of this medical condition is not revealed.

Petitioner was indicted on charges of aggravated robbery and felonious assault by the Butler County Grand Jury. Petitioner alleges that he was held without bond pending trial on these charges because of the detainer filed by Nelson. Petitioner was tried before a jury in Butler County Common Pleas Court and, on September 26, 1980, was found not guilty on both counts.

Petitioner's whereabouts between the date of his acquittal, September 26, 1980, and "the last Friday in October, 1980," does not appear. However, on the last Friday of October, petitioner alleges that he was returned to the Ohio State Penitentiary by Nelson and the Police Chief of Lemon Township, one Charles A. Nixon. Petitioner further alleges that this action constitut-

ed kidnapping since he had, by that time, completed the five year parole given him in 1974, and because he had not been convicted on the felony charges in Butler County.

On November 25, 1980, petitioner had what he refers to as an "after the fact" parole revocation hearing. *See,* Exh. A, at 3. He alleges that he was taken before two members of the APA, one of whom had put him on parole for five years in 1974, and that, as a result of this hearing, he was given an additional prison term of three years to be served on his 1969 conviction. App. # 2.

On October 2, 1980, petitioner filed a petition for post conviction relief in the Montgomery County Court of Common Pleas, pursuant to Ohio Rev. Code § 2953.-21. Recounting the events described above, petitioner alleged violations of the federal and state constitutions, and a denial of due process allegedly resulting from improper revocation procedures used by the APA. The petition was dismissed on the ground that the court lacked jurisdiction over the APA. Petitioner also alleges that he unsuccessfully pressed his claims to the APA on two separate occasions and, having received no relief therefrom, is entitled to federal habeas corpus relief.

■ In his petition and supporting materials, petitioner asserts several claims which relate to the criminal proceedings against him in Butler County, *e.g.,* denial of bail pending trial; failure to be admitted to the hospital while suffering from a skull fracture, constituting cruel and unusual punishment; and lack of legal representation during the pendency of the Butler County proceedings. Even assuming the validity of these claims, they are not claims for which federal habeas corpus relief can be granted in this case.

Section 2254, 28 U.S.C., provides, in part: (a) [A] district judge shall entertain an application for writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State Court* only on the ground that he is in custody in violation of the Constitution or laws . . . of the United States (emphasis added).

Because the claims enumerated above are not related to the State court judgment under which petitioner is in custody, (*i.e.*, his 1969 felony conviction,) but rather, are all related to the criminal proceedings in which petitioner was ultimately acquitted, they cannot render or cause petitioner's current confinement on his 1969 conviction to be unconstitutional or in violation of federal law. Therefore, pursuant to 28 U.S.C. § 2254, Rule 4, these claims are hereby dismissed.

■ Petitioner has also raised a somewhat vague sixth amendment claim, predicated on his allegation that the attorneys appointed to represent him in the appeal of his 1969 felony conviction failed to appear for the scheduled oral argument. Obviously, this claim is directly related to the State court judgment under which petitioner is presently incarcerated. However, since it does not appear that petitioner has ever attempted to present this claim to the state courts, it too must be dismissed.

Subsection (b), 28 U.S.C. § 2254, provides:

> An application for writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted *unless it appears that applicant has exhausted the remedies available to him in the courts of the state*, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner (emphasis added).

In *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438, the Supreme Court emphasized "that the federal claim must be fairly presented to the state courts." In other words, "the state [must] have ... the first opportunity to hear the claim sought to be vindicated in a federal habeas corpus proceeding ...." *Id.* at 276, 92 S.Ct. at 512.

Nowhere in the petition or supporting materials does petitioner allege that he has presented this claim to the state courts for consideration. If it is true that his attorneys failed to appear for oral argument, petitioner may have a valid sixth amendment claim. However, before said claim is properly considered under 28 U.S.C. § 2254, petitioner must present the state courts with " 'the initial "opportunity to pass upon and correct" [the] alleged violation[ ] ....' " *Id.* at 275, 92 S.Ct. at 512, *quoting, Wilwording v. Swenson*, 404 U.S. 249, 250, 92 S.Ct. 407, 408, 30 L.Ed.2d 418 (1971). For these reasons, petitioner's claim, regarding his attorneys' failure to appear for oral argument in the appeal of his 1969 felony conviction, is dismissed.

Petitioner's remaining claims concern the parole revocation procedures used by the APA, which resulted in petitioner's being returned to prison for a period of three years, based on his 1969 felony conviction. Initially, the Court notes that petitioner's allegation that he was never declared a parole violator is fundamentally inconsistent with his assertion that he received the additional prison term after a parole revocation hearing, conducted on November 25, 1980. Moreover, his reliance on the typed sentence appearing on his correspondence to the Record Clerk at the Chillicothe Correctional Institute (Exh. G), is misplaced. In that correspondence, petitioner requested that he be given "jail time" on his current sentence for the six month period between May 13, 1980, the date of his arrest in Middletown, and November 25, 1980, the date of his parole revocation hearing. The typed sentence, bearing the signature of M. K. Wood, Record Office, does not, as petitioner alleges, indicate that he had never been declared a parole violator. Rather, in denying his request, Ms. Wood states that petitioner had "never been declared a parole violator *at large*" (emphasis added). As this Court reads this sentence, it merely means that petitioner was still considered to be on parole during his confinement in Butler County on the criminal charges for which he was indicted and later acquitted. In short, petitioner appears to have misread or misperceived the response of Ms. Wood, by overlooking the words, "at large," and was, therefore, under the mistaken impression that he has never been declared a parole violator.

■ Read liberally, the petition and supporting materials also raise a claim that petitioner was denied due process in that he was not given a parole revocation hearing until November 25, 1980, that is, some six months after his arrest in Middletown, Ohio, and after his parole officer had put a "holder" or detainer on him. However, under the applicable authority, the indictment handed down against petitioner by the Butler County Grand Jury constituted "prima facie evidence of probable cause," thereby obviating the necessity of conducting a preliminary parole violation hearing. *Inmates' Councilmatic Voice v. Rogers*, 541 F.2d 633, 635 (6th Cir. 1976); *see also, Hruska v. Severance Specialty, Inc.*, 498 F.2d 796 (6th Cir. 1974). In fact, the Sixth Circuit has indicated that "a parolee may well be prejudiced by having a parole violation hearing conducted by the State Parole Board prior to his criminal trial in the state courts." *Inmates' Councilmatic, supra*, 541 F.2d at 635–36. Thus, once petitioner was indicted by the Butler County Grand Jury, until September 26, 1980, when he was acquitted on the criminal charges for which he had been indicted, a preliminary parole violation hearing was neither required nor proper, under the applicable authority. Thus, petitioner's claim that the six month delay between his arrest and the final parole revocation hearing constituted a deprivation of due process is without merit, and same is, therefore, dismissed.

■ Finally, the Court directs its attention to the one claim raised by petitioner which is not susceptible to summary disposition, *i.e.*, that the APA lacked legal authority to impose an additional three year prisoner term on petitioner, based on his 1969 felony conviction. It is petitioner's position that he was granted parole in December, 1974, that the period of said parole was to be five years, and that the five years had expired prior to May 13, 1980, when he was arrested by the Middletown city police. Petitioner further alleges that his current incarceration flows from that arrest, even though he was acquitted on the criminal charges for which he was indicted. In effect, petitioner is alleging that the APA

caused him to be sent back to prison on his 1969 conviction when he was no longer on parole. As implausible as this claim may seem, it cannot be said with respect thereto, that "it plainly appears from the face of the petition and . . . exhibits annexed to it that petitioner is not entitled to relief . . ." 28 U.S.C. § 2254, Rule 4. If, as petitioner alleges, he was placed on parole for a period of five years, commencing on or about December 13, 1974, and if, as is petitioner's perception, he had fully satisfied the terms of his parole for the requisite number of years prior to May 13, 1980, and if petitioner's arrest and the proceedings following therefrom in Butler County led to the parole revocation hearing on November 25, 1980, the result of which was petitioner's being returned to prison to serve an additional three years on his 1969 felony conviction, then his current confinement may well be in violation of his rights under the fifth and fourteenth amendments, and federal habeas corpus relief may well be appropriate.

Therefore, the Court orders respondent to file an answer, pursuant to 28 U.S.C. § 2254, Rule 5, which addresses petitioner's claim that his current confinement is violative of his constitutional rights because he had completed his five year parole period and thus, was no longer on parole when returned to prison by the APA for an additional three years on his 1969 felony conviction. Included therein, the Court directs respondent to address itself to the following questions, the answers to which, if contained in the types of materials properly submitted under Rule 7(b), may permit the Court to dispose of petitioner's remaining claim without further proceedings:

1. When and under what conditions was petitioner paroled on his 1969 felony conviction;

2. Specifically, what were the grounds for revocation of petitioner's parole, if he was in fact still on parole, at the time of the parole revocation hearing on November 25, 1980;

3. In chronological order, what steps were taken by the APA between May 13, 1980, when petitioner was arrested in Middletown, Ohio, and November 25, 1980, which steps ultimately resulted in petitioner's being returned to prison for three years on his 1969 conviction.

Respondent's Answer, including, but not limited to the matters identified above, must be submitted no later than the close of business on Monday, May 10, 1982. If respondent submits any materials permitted under Rule 7, petitioner will thereafter be afforded the opportunity within 21 days after receipt of respondent's submissions to admit or deny the correctness of, or otherwise respond to the document(s) which respondent submits. Upon receipt and consideration of respondent's Answer, including any Rule 7 submissions and petitioner's responses, the Court will determine what, if any, further action should be taken on petitioner's remaining claim for relief.