**James E. HALL, Petitioner,**

v.

**STATE OF OHIO, Respondent.**

**No. C–3–81–614.**

United States District Court,
S. D. Ohio, W. D.

May 26, 1982.

See also, D.C., 535 F.Supp. 1121.

James Edward Hall, pro se.

Karen A. Kolmacic, Asst. Atty. Gen., Columbus, Ohio, for respondent.

DECISION AND ENTRY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS IN ITS ENTIRETY, AS A MIXED PETITION, PURSUANT TO *ROSE v. LUNDY,* —— U.S. ——, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); PETITIONER GIVEN CERTAIN OPTIONS AS TO FUTURE ACTIONS; DISMISSAL WITHOUT PREJUDICE AT THIS TIME

RICE, District Judge.

The captioned cause is a Petition for Writ of Habeas Corpus by a state prisoner pursuant to 28 U.S.C. § 2254. In a decision and

entry, dated March 25, 1982, the Court, in its preliminary consideration of the petition, pursuant to 28 U.S.C. § 2254, Rule 4, dismissed all but one of the petitioner's claims for relief, and ordered the respondent to file an answer, addressing the remaining claim. 535 F.Supp. 1121. *See*, doc. # 5. Having received Respondent's Return of Writ (doc. # 10), this matter is now before the Court to determine "whether an evidentiary hearing is required," and, if not, to make "such disposition . . . as justice dictates." 28 U.S.C. § 2254, Rule 8(a). For the reasons set forth briefly below, the Court concludes that the petition must now be dismissed in its entirety.

In its decision and entry of March 25, 1982 (doc. # 5, at 3–4), the Court dismissed several of petitioner's claims on the ground that they were not claims for which federal habeas relief could be granted in this case, because each of them arose in connection with state criminal proceedings that were totally unrelated to the state court judgment under which petitioner is in custody, *i.e.*, his 1969 felony conviction. The Court also considered a somewhat vague and amorphous Sixth Amendment claim which, although clearly related to the state court judgment under which petitioner is currently incarcerated, did not appear to have been presented to any state court for initial consideration. *Id.* at 4–5. Pursuant to 28 U.S.C. § 2254(b) and (c), which require an applicant for federal habeas relief to have exhausted his available state court remedies, the Court dismissed petitioner's Sixth Amendment claim, regarding the failure of his appointed counsel to appear for oral argument in the appeal of his 1969 conviction. The remaining claim, which was not dismissed, concerns the parole revocation procedures used by the Ohio Adult Parole Authority (APA).

In the Return of Writ, respondent has fully complied with the Court's Order to answer the petitioner's remaining claim, and to answer certain, specific questions propounded by the Court. *See, id.* at 8. However, relying on the Supreme Court's recent decision in *Rose v. Lundy,* —— U.S. ——, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982),

respondent contends that the mixed character of the claims in the petition, that is, claims upon which petitioner *has* exhausted his available state remedies, as well as one claim upon which he *has not* exhausted his available state remedies, mandates dismissal of the petition in its entirety, without reaching the merits of petitioner's claim against the APA. The Court agrees.

In *Rose v. Lundy, supra,* which was decided approximately three weeks prior to this Court's preliminary consideration of the petition, the Supreme Court adopted a "total exhaustion rule," under which "a district court *must* dismiss habeas petitions containing *both* unexhausted *and* exhausted claims." —— U.S. at ——, 102 S.Ct. at 1205 (footnote omitted) (emphasis added). What this rule means in the context of this case is that, because petitioner has not exhausted his available state court remedies with respect to his Sixth Amendment claim, regarding the failure of his appointed counsel to appear for oral argument in the appeal of petitioner's 1969 felony conviction, this Court is foreclosed from considering petitioner's claim, regarding the APA's parole revocation procedures, notwithstanding the fact that petitioner has exhausted his available state court remedies with respect to that claim. This Court is bound to follow the prevailing Supreme Court authority rendered during the pendency of this action. Therefore, under the "total exhaustion rule" set forth by the Supreme Court in *Rose v. Lundy, supra,* the instant petition for writ of habeas corpus must be and is, hereby, dismissed in its entirety.

Assuming that petitioner does not wish to abandon either his Sixth Amendment claim or his claim against the APA, there are two avenues open to him at the present time. Without expressing any view as to which is the better course, the Court will very briefly outline petitioner's options.

First, petitioner may, if he so chooses, pursue the state court remedies available to him with respect to his Sixth Amendment claim. *See,* doc. # 5, at 4–5; Ohio Rev. Code § 2953.21 *et seq.* If petitioner obtains

the relief sought in the state forum, obviously there will be no need of further federal proceedings. If, however, petitioner unsuccessfully presses his Sixth Amendment claim in the state court system, and after he has fully exhausted his available state court remedies, he may then, if he chooses, return to federal court, filing a petition for writ of habeas corpus in which he raises both his Sixth Amendment claim which will, at that point, be in a proper posture for consideration, *and* the remaining claim of his present petition against the APA. Since there has been no determination on the merits of petitioner's APA claim, it being dismissed without prejudice, the Court would, at that point, make a determination as to whether petitioner is entitled to the requested writ on either of both of the claims.

Petitioner's second alternative is to amend or resubmit his Habeas Petition, raising only his claim against the APA. If petitioner chooses this course of action, he should be forewarned that he runs the "risk [of] forfeiting consideration of his unexhausted [Sixth Amendment] claim[ ] in federal court." *Rose v. Lundy, supra,* —— U.S. at ——, 102 S.Ct. at 1204. *See also,* 28 U.S.C. § 2254, Rule 9(b). "In other words, if the prisoner amend[s] the petition to delete the unexhausted claim[ ] or immediately refile[s] in federal court a petition alleging only his exhausted claim[ ], he could lose the opportunity to litigate his presently unexhausted claim[ ] in federal court." *Rose v. Lundy, supra,* —— U.S. at ——, 102 S.Ct. at 1201.

If, notwithstanding the risks involved, petitioner chooses the second alternative, he must make this choice known to the Court by amending or resubmitting his present petition, *with the appropriate deletion of his Sixth Amendment claim,* no later than twenty-one (21) days from date of receipt of notice of this Decision. Upon receipt of same, the Court will, upon a review of the materials currently before it, promptly determine what, if any, further proceedings are warranted with respect to petitioner's claim against the APA.

In sum, the Court concludes that the present petition must be dismissed in its entirety pursuant to the "total exhaustion rule," announced in *Rose v. Lundy, supra.* Said dismissal is, at this juncture, without prejudice. If petitioner fails to amend or to resubmit his present petition, deleting his Sixth Amendment claim, upon which he has failed to exhaust available state remedies, within the aforesaid period of time, the captioned cause will be hereby ordered terminated from the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.