**Johnny FUGETT, Petitioner,**

**v.**

**Ronald C. MARSHALL, Respondent.**

**No. C–3–82–067.**

United States District Court, S. D. Ohio, W. D.

May 26, 1982.

Johnny Fugett, pro se.

Karen A. Kolmacic, Asst. Atty. Gen., Columbus, Ohio, for respondent.

DECISION AND ENTRY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS IN ITS ENTIRETY, AS A MIXED PETITION, PURSUANT TO *ROSE v. LUNDY,* —— U.S. ——, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); PETITIONER GIVEN CERTAIN OPTIONS AS TO FUTURE ACTIONS; DISMISSAL WITHOUT PREJUDICE AT THIS TIME

RICE, District Judge.

The captioned cause is a Petition for Writ of Habeas Corpus by a state prisoner pursuant to 28 U.S.C. § 2254. In a decision and entry, dated April 6, 1982, the Court concluded, in its preliminary consideration of the petition pursuant to 28 U.S.C. § 2254, Rule 4, that petitioner's due process and/or equal protection claims (Grounds # 1–3; *see,* doc. # 5, at 2) were not susceptible to summary dismissal, and, therefore, ordered respondent to answer these claims. *Id.* However, "[b]ecause petitioner ha[d] failed to exhaust the state court remedies which appear to be available to him with respect

---

to Grounds # 4–5 [*i.e.*, prosecutorial misconduct during closing argument and ineffective assistance of counsel] . . . ," *id.* at 4, the Court ordered that the petition be dismissed with respect to these two grounds for relief.

Having received respondent's Return of Writ (doc. # 11), this matter is currently before the Court to determine "whether an evidentiary hearing is required," and, if not, to make "such disposition . . . as justice dictates." 28 U.S.C. § 2254, Rule 8(a). For the reasons set forth briefly below, the Court concludes that the petition must now be dismissed in its entirety.

In the Return of Writ, respondent has fully complied with the Court's Order to answer petitioner's first three claims for relief. *See*, doc. # 5, at 2; doc. # 11, at 4–9. However, relying on the Supreme Court's recent decision in *Rose v. Lundy*, —— U.S. ——, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), respondent contends that the mixed character of the claims in the petition, that is, claims upon which petitioner *has* exhausted his available state remedies, as well as claims upon which he *has not* exhausted his available state remedies, mandates dismissal of the petition in its entirety, without reaching the merits of petitioner's due process and/or equal protection claims (Grounds # 1–3). The Court agrees.

In *Rose v. Lundy*, which was decided approximately a month prior to this Court's preliminary consideration of the petition, the Supreme Court adopted a "total exhaustion rule," under which "a district court *must* dismiss habeas petitions containing *both* unexhausted *and* exhausted claims." —— U.S. at ——, 102 S.Ct. at 1205 (footnote omitted) (emphasis added). What this rule means in the context of this case is that, because petitioner has not exhausted the state court remedies which appear to be available to him with respect to his claims of prosecutorial misconduct during closing argument and ineffective assistance of counsel, this Court is foreclosed from considering Grounds # 1–3, notwithstanding the fact that petitioner *has* exhausted his available state court remedies with respect to these claims. This Court is bound to follow the prevailing Supreme Court authority rendered during the pendency of this action. Therefore, under the "total exhaustion rule" set forth by the Supreme Court in *Rose v. Lundy, supra*, the instant Petition for Writ of Habeas Corpus must be and is, hereby, dismissed in its entirety.

Assuming that petitioner does not wish to abandon any of the claims presented in his petition, there are two avenues open to him at the present time. Without expressing any view as to which is the better course, the Court will very briefly outline petitioner's options.

First, petitioner may, if he so chooses, pursue the state court remedies available to him with respect to Grounds # 4–5 (prosecutorial misconduct and ineffective assistance of counsel). *See*, doc. # 5, at 3–4; Ohio Rev.Code § 2953.21 *et seq.* If petitioner obtains the relief sought in the state forum, obviously, there will be no need of further federal proceedings. If, however, petitioner unsuccessfully presents these two claims to the state courts, and after he has fully exhausted the remedies available to him in those courts, he may then, if he chooses, return to federal court, filing a petition for writ of habeas corpus which raises his claims of prosecutorial misconduct and ineffective assistance of counsel, both of which will, at that point, be in a proper posture for consideration, *and* the due process and/or equal protection claims (Grounds # 1–3), upon which he has already exhausted his available state court remedies. Since there has been no determination on the merits of Grounds # 1–3, it being dismissed without prejudice, the Court would, at that point, make a determination as to whether petitioner is entitled to the requested writ on any or all of the claims raised.

Petitioner's second alternative is to amend or resubmit his Habeas Petition, raising only Grounds # 1–3. If petitioner chooses this course of action, he should be forewarned that he runs the "risk [of] forfeiting consideration of his unexhausted claims [Grounds # 4–5] in federal court."

*Rose v. Lundy, supra,* —— U.S. at ——, 102 S.Ct. at 1204. *See also,* 28 U.S.C. § 2254, Rule 9(b). "In other words, if the prisoner amend[s] the petition to delete the unexhausted claims or immediately refile[s] in federal court a petition alleging only his exhausted claims, he could lose the opportunity to litigate his presently unexhausted claims in federal court." *Rose v. Lundy, supra,* —— U.S. at ——, 102 S.Ct. at 1201.

If, notwithstanding the risks involved, petitioner chooses the second alternative, he must make this choice known to the Court by amending or resubmitting his present petition, *with the appropriate deletion of his claim of prosecutorial misconduct and of his claim of ineffective assistance of counsel,* no later than twenty-one (21) days from date of receipt of notice of this Decision. Upon receipt of same, the Court will, upon a review of the materials currently before it, promptly determine what, if any, further proceedings are warranted with respect to Grounds # 1–3 of the petition.

In sum, the Court concludes that the present petition must be dismissed in its entirety pursuant to the "total exhaustion rule," announced in *Rose v. Lundy, supra.* Said dismissal is, at this juncture, without prejudice. If petitioner fails to amend or to resubmit his present petition, deleting the unexhausted claims, within the aforesaid period of time, the captioned cause will be ordered terminated from the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.