Harold William CARTERA, Petitioner,

v.

James P. MITCHELL, et al.,
Respondents.

Civ. A. No. 82-0885-AM.

United States District Court,
E.D. Virginia,
Alexandria Division.

Dec. 28, 1982.

---

Harold William Cartera, petitioner, pro se.

Jerry P. Slonaker, Asst. Atty. Gen., Richmond, Va., for respondents.

## MEMORANDUM OPINION

RICHARD L. WILLIAMS, District Judge.

This matter comes before the court on respondent's motion to dismiss petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254. For reasons given below, respondents' motion is granted.

## I. FACTUAL BACKGROUND

The events relevant to the present action began November 8, 1973, when Fairfax County, Virginia, Police arrested petitioner for alleged rape and sodomy by force of two teenage girls. On June 14, 1974, a jury sitting in the Fairfax County Circuit Court, Judge James C. Cacheris presiding, convicted petitioner of two counts of rape and two counts of sodomy by force. On November 22, 1978, the Virginia Supreme Court reversed that conviction. *See Cartera v. Virginia*, 219 Va. 516, 248 S.E.2d 784, (Va.Sup. Ct.1978).

On February 16, 1979, a second jury convicted petitioner on retrial of two counts of rape and two counts of sodomy by force. The jury sentenced petitioner to life imprisonment on each of the rape convictions and

3 years imprisonment on each of the sodomy convictions. On May 15, 1979, the Fairfax County Circuit Court entered judgment sentencing petitioner to two consecutive life sentences, and ordered that the 3-year sentences run concurrently with the life sentences.

On May 22, 1979, petitioner, through court-appointed counsel, entered a Notice of Appeal to the Supreme Court of Virginia. Petitioner's court-appointed counsel presented five assignments of error:

(i) the trial judge improperly instructed the jury on the weight to be given circumstantial evidence;

(ii) the trial judge improperly instructed the jury on the length of a term of "life imprisonment";

(iii) the trial judge improperly admitted certain expert medical testimony;

(iv) the trial judge erred in refusing to appoint a urologist to testify on plaintiff's behalf; and

(v) the trial judge erred in refusing to suppress the victims' photographic and in-court identification.

Petitioner himself presented, *pro se,* twenty additional assignments of error. These additional assignments of error were included in his court-appointed counsel's petition for appeal, but were not briefed. The petition for appeal was filed with the Supreme Court of Virginia on August 15, 1979. The Supreme Court of Virginia denied petitioner's appeal and affirmed his convictions on March 12, 1980, finding no reversible error. On October 6, 1980, the United States Supreme Court denied petitioner's application for a writ of certiorari, 449 U.S. 880, 101 S.Ct. 230, 66 L.Ed.2d 104. Petitioner did not bring a state petition for habeas corpus.

On September 28, 1982, petitioner filed this petition for a writ of habeas corpus in federal court under 28 U.S.C. § 2254. Petitioner attacks his state conviction on the following grounds:

(a) The trial judge erred in refusing to recuse himself on motion of the petitioner;

(b) Petitioner was denied his right to represent himself;

(c) The trial judge erred in refusing to appoint a urologist to supply vital evidence to the defense;

(d) The trial judge erred in denying petitioner's motion for production of reports of laboratory analysis and for independent comparison testing;

(e) The trial judge erred by omitting the chief medical examiner's report from the evidence presented at trial, because it was favorable to the petitioner, and defense counsel were ineffective for not asserting this issue;

(f) The prosecution violated discovery requirements, because the defense was not informed of the names of two rebuttal witnesses and a "business sheet of the Reston Gulf Service Station", all of which was used to rebut petitioner's alibi defense.

(g) The victims were shown a suggestive array of photographs of the petitioner without the petitioner or his counsel being notified or present at the photographic identification, and the photographic procedure was used when a line-up was an available alternative;

(h) Defense counsel were ineffective because the court-appointed attorneys refused to object to improper evidence introduced by the prosecutor, when such evidence had no probative value;

(i) The court erred in permitting Dr. William Enos, a pathologist called as an expert witness on behalf of the prosecution, to testify that it was within reasonable medical probability that a penis could enter the vagina without trauma and without ejaculation, because this either required no expert testimony or required expertise of a different nature than that of Dr. Enos;

(j) The prosecutor questioned petitioner's former wife in the presence of the jury as to whether petitioner had ever raped her;

(k) The prosecutor commented on the age of the victims and their family circumstances, and it was ineffective assistance of counsel for petitioner's attorneys to fail to object to such comments;

(l) Insufficiency of the evidence to establish rape of Ms. Janson, because she testified that she was a virgin prior to the rape yet the prosecution's evidence failed to show trauma to her hymen or vaginal area and there was no medical evidence of penetration;

(m) Insufficiency of the evidence to establish rape of Ms. MacDonald, because there was no medical evidence of injury to the vaginal area or trauma to her hymen, and Ms. MacDonald testified that she was a virgin prior to the rape;

(n) Insufficiency of the evidence of sodomy, because there was no medical evidence of those alleged crimes and the victims had told the pathologist that "no abnormal sex acts" had been perpetrated upon them;

(o) The prosecutor erred by calling the petitioner a liar in his closing argument; and

(p) On the basis of all the foregoing errors, the petitioner's conviction should have been set aside by the state trial court; and, additionally, some alibi witnesses were not available to testify at trial because petitioner could not locate them.

Of the claims presented in this petition, petitioner's court-appointed counsel fully briefed and presented to the Supreme Court of Virginia claims (c), (g) and (i). Claims (a), (b), (d), (e), (f), (j), (k), (l), (m), (n), (o), and (p) were essentially presented to the Supreme Court of Virginia in petitioner's *pro se* assignments of error, though not properly briefed. Claim (h), relating solely to the effectiveness of counsel, was not previously presented or briefed to the Supreme Court of Virginia.

## II. LEGAL ANALYSIS

Respondents' motion to dismiss is based upon the contention that petitioner has not

satisfied the exhaustion requirements of 28 U.S.C. § 2254(b), which provides that

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that these is either an absence of available State Corrective Process or the existence of circumstances rendering such processes ineffective to protect the rights of the prisoner.

Specifically, respondents contend that petitioner presents a "mixed" petition containing both exhausted and unexhausted claims. The United States Supreme Court recently stated that "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims." *Rose v. Lundy,* 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982).

The basis of respondents' claim that petitioner presents a "mixed" petition of exhausted and unexhausted claims is twofold: (i) respondents assert that the claims the petitioner now presents which were previously presented to the Supreme Court of Virginia in petitioner's *pro se* assignments of error, and not further briefed by counsel, were not considered by the Supreme Court of Virginia in reaching its March 12, 1980 decision and therefore remain unexhausted; and (ii) petitioner's claim (h), relating to inadequate representation of counsel, was not presented to the Supreme Court of Virginia, either in petitioner's *pro se* assignments of error or his counsel's fully briefed assignments of error, and that claim is therefore unexhausted.

█ The doctrine of exhaustion of state remedies is satisfied if the same claim raised in a federal habeas proceeding has been presented previously before the highest state court, either on direct appeal or in a post-conviction proceeding. *See Grundler v. North Carolina,* 283 F.2d 798, 800 (4th Cir.1960). If a petitioner may present in a state habeas corpus proceeding a colorable claim not previously addressed by the state's highest court on direct appeal that would not be futile, the petitioner has failed to exhaust state remedies. *See Crowell v. Zahradnick,* 571 F.2d 1257, 1259 n. 2 (4th Cir.1977), *cert. denied* 439 U.S. 956, 99 S.Ct. 357, 58 L.Ed.2d 348 (1978); *Spencer v. Cundiff,* 413 F.Supp. 1246 (W.D.Va.1976). Thus, in determining whether petitioner has satisfied exhaustion requirements, the critical question is whether petitioner has as yet unexhausted state habeas corpus remedies for the claims he presents in his petition here.

The Supreme Court of Virginia has held that "[i]t is well-settled that the deprivation of a constitutional right of a prisoner may be raised by habeas corpus." *Griffen v. Cunningham,* 205 Va. 349, 355, 136 S.E.2d 840, 845 (1966). But subsequent decisions have rendered this *Griffen* principle "inapplicable" when a prisoner has been afforded a full and fair opportunity to raise his constitutional claim at trial and on appeal. *See Slayton v. Parrigan,* 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974) *cert. denied sub nom. Parrigan v. Paderick,* 419 U.S. 1108, 95 S.Ct. 780, 42 L.Ed.2d 804 (1974). Thus, if petitioner received a full and fair opportunity to present his constitutional claims at trial and on appeal, he would be foreclosed from state habeas proceedings. He would then have no remaining unexhausted state remedies, and this court could proceed to the merits of his petition. The question thus becomes whether petitioner has received a full and fair opportunity to present his constitutional claims such that he would be barred from state habeas proceedings.

█ Ordinarily, a claim of ineffective assistance of counsel would not be raised at the trial itself, so that such a claim would not be cognizable on direct appeal to the Supreme Court of Virginia. *See Howerton v. Jefferson,* 642 F.2d 448 (4th Cir.1981); Virginia Supreme Court Rule 5:21. Thus, a prisoner could not receive a full and fair opportunity to litigate the issue on appeal, and a state habeas action would lie on the

ineffective assistance issue. *Thomas v. Muncy,* 408 F.Supp. 734, 736 (W.D.Va.1976), *aff'd* 558 F.2d 1030 (4th Cir.1977). *See also Crowell v. Zahradnick, supra* (even if barred from maintaining direct appeal, may bring state habeas petition claiming ineffective assistance of counsel); *Slayton v. Paderick, supra* (claims barred on direct appeal may be brought in state habeas action on showing of ineffective assistance of counsel).

■ Petitioner's claims (e), (h), and (k) present claims of ineffective assistance of counsel. Claims (e) and (k) appeared in petitioner's *pro se* assignments of error. But, as was observed above, claims of ineffective assistance of counsel are not cognizable on direct appeal. Claim (h) has not previously been presented to the Supreme Court of Virginia. But a state habeas action will lie for all three issues. Because these claims have not previously been presented to the Supreme Court of Virginia in a cognizable form, and because petitioner has a colorable claim in state habeas proceedings that would not be futile, petitioner has failed to exhaust his state remedies. Thus, petitioner presents this court with a "mixed" petition of both unexhausted and exhausted claims. This court must dismiss both his exhausted and his unexhausted claims. *Rose v. Lundy, supra,* at 522, 102 S.Ct. at 1205. *See also Harding v. North Carolina,* 683 F.2d 850 (4th Cir.1982); *Schweinberg v. Galley,* 681 F.2d 816 (4th Cir.1982).[1]

■ Respondents also contend that petitioner's claims which previously appeared in his *pro se* assignments of error that do not contain allegations of ineffective assistance of counsel must also be exhausted before they are ripe for federal habeas consideration. Respondents assert that these claims were never considered by the Supreme Court of Virginia in reaching its March 12, 1980 decision, because that court's procedural rules provide that assignments of error which are not briefed are not reviewed by the court. *See, e.g., Quintana v. Commonwealth,* —— Va. ——, 295 S.E.2d 643, 645 n. 1 (1982) (assigned errors not briefed or argued taken as "waived"). *See also* Rule 5:21 of the Rules of the Supreme Court of Virginia. Thus, the court must decide whether petitioner received a full and fair opportunity to present his constitutional claims to the Supreme Court of Virginia, in light of the consideration his *pro se* claims were given.[2]

In *Durkin v. Davis,* 538 F.2d 1037, 1041 (4th Cir.1976), the United States Court of Appeals for the Fourth Circuit observed that "[u]ntil that State has been accorded a fair opportunity by any available procedure to consider the issue and afford a remedy if relief is warranted, federal courts in habeas corpus proceedings by state prisoners should stay their hands." In *Durkin,* the Fourth Circuit found that a Supreme Court of Virginia decision denying a state prisoner's petition for a writ of mandamus did not con-

---

**1.** Nor does this case fall within any of the various exceptions to the exhaustion doctrine. *See* cases cited in *Anderson v. South Carolina,* 542 F.Supp. 725, 731 n. 11 (D.S.C.1982).

**2.** In ruling on respondents' contention that petitioner's claims which previously appeared in his *pro se* assignments of error are barred for failure to exhaust available state remedies, the court is mindful of the distinction between the doctrine of exhaustion and the doctrine of procedural default. *See* Hart & Wechsler *The Federal Courts and the Federal System,* 1481 *et seq.* (P. Bator, J. Mishkin, D. Shapiro & H. Wechsler 2d ed. 1973 and Supp.1981) (procedural default and exhaustion "distinct questions"). A dismissal on the basis of exhaustion is no barrier to subsequent federal habeas proceedings following unsuccessful exhaustion of

state remedies. A dismissal on the basis of procedural default goes to the merits, and bars any subsequent federal habeas proceedings on the claim. The doctrine of procedural default holds that if petitioner has previously failed to comply with a fair and reasonable procedural rule, he has forfeited the right to a decision on the merits in a federal habeas petition. *See, e.g., Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977) (absent a showing of "cause" or "prejudice", a state procedural default barring direct state appellate review will bar federal habeas review). In ruling that petitioner's available state remedies are not exhausted, this court does not reach the issue whether petitioner is barred from federal habeas relief on the grounds of procedural default.

stitute exhaustion of available state remedies, because it was unclear whether the Supreme Court's decision rested on substantive grounds. Thus, it was unclear whether the State had actually been accorded a fair opportunity to consider the claim, and the petitioner's federal claim was dismissed.

In the present case, it is clear that petitioner's *pro se* assignments of error were never even considered in the Virginia Supreme Court's denial of petitioner's writ of error. Thus, as in *Durkin,* no state court has passed on the substantive merits of petitioner's claims. The state has not had a fair opportunity to pass on petitioner's claims; nor has petitioner had a full and fair opportunity to litigate his claims in state court. State habeas proceedings may yet be available to the petitioner on all of his claims previously appearing in his *pro se* assignments of error, even those that do not involve issues of ineffective assistance of counsel.[3] Because doubts "should be resolved against exhaustion", *id.,* "firmly placed principles of comity dictate deference to state action." *See Derrow v. Shields,* 482 F.Supp. 1144, 1149 (W.D.Va. 1980). Thus, all of petitioner's present claims which previously appeared in his *pro se* assignments of error must be exhausted before this court's consideration of those claims under 28 U.S.C. § 2254 is appropriate.

Two paths are now open to the plaintiff. *See Fugett v. Marshall,* 541 F.Supp. 293 (S.D.Ohio 1982); *Hall v. Ohio,* 541 F.Supp. 295 (S.D.Ohio 1982). First, petitioner may exhaust state court remedies for his unexhausted claims (that is, all his present claims except (c), (g), and (i) through seeking a writ of habeas corpus from the Virginia lower courts and appeal the possible adverse decision to the Supreme Court of Virginia. Va.Code Ann. § 8.01–654. Petitioner may also petition the Supreme Court

of Virginia directly to exercise its original jurisdiction in habeas. Va.Code Ann. § 17–97. *See Howerton v. Jefferson,* 642 F.2d 448 (4th Cir.1981); *Ferguson v. Cox,* 464 F.2d 461, 464 (4th Cir.1972). If plaintiff unsuccessfully presents his claims on petition for state habeas corpus, he may then, if he chooses, return to federal court filing a petition for writ of habeas corpus which raises all his present claims.

Petitioner's second alternative is to resubmit his federal habeas petition, presenting only his exhausted claims. But should petitioner choose this latter route, he should bear in mind that if he should choose to re-submit a petition containing only his currently exhausted claims, he "runs the risk [of] forfeiting consideration of his unexhausted claims in federal court." *See Rose v. Lundy, supra,* at 520, 102 S.Ct. at 1204 (O'Conner, J., plurality opinion); *Kenyatta v. Johnson,* Civil No. 81–1021–R (E.D. Va. Oct. 20, 1982). *See also* 28 U.S.C. § 2554, Rule 9(b). The risk arises out of the federal policy, embodied in Rule 9(b), which disfavors successive petitions and needless piecemeal litigation.

The choice of which course this matter will take lies with the petitioner. The present action before the court is dismissed without prejudice to plaintiff's re-submittal of his presently exhausted claims or submittal of all his claims after complete exhaustion of available state remedies.

---

**3.** It may be that the state courts will find petitioner did receive a full and fair opportunity to appeal these claims sufficient to preclude any state habeas proceeding. If such is the case, at least there will then be no doubt whether petitioner's claims have been exhausted in any subsequent federal habeas proceeding petitioner may bring. In addition, the procedural default issue (see footnote 2) will be in sharper focus.