## Richmond

LEON S. GRIFFIN v. W. K. CUNNINGHAM, JR., SUPERINTENDENT OF THE VIRGINIA STATE PENITENTIARY.

June 15, 1964.

Record No. 5754.

Present, All the Justices.

*Evans B. Brasfield,* for the plaintiff in error.

*Reno S. Harp, III, Assistant Attorney General* (*Robert Y. Button, Attorney General,* on brief), for the defendant in error.

SPRATLEY, J., delivered the opinion of the court.

This is an appeal from an order of the Circuit Court of Han-

over county, wherein a petition for writ of *habeas corpus* filed by Leon S. Griffin, sometimes called the petitioner, against W. K. Cunningham, Jr., Superintendent of the Virginia State Penitentiary, sometimes referred to as respondent, was denied and dismissed.

Five trials in the Circuit Court of Hanover county are involved. No evidence produced in any of those trials has been made a part of the record. Consequently, all questions of fact resolved by the trial court must be accepted as conclusive. A recital of each stage in the proceedings, as disclosed in the record before us, will be set out herein in some detail.

Griffin was indicted by a grand jury in the Circuit Court of Hanover county in September, 1955, for two separate offenses of statutory burglary. One indictment charged him with feloniously breaking and entering the store of the Atlantic & Pacific Tea Company in Ashland in the night-time of January 9, 1955, and stealing cigarettes and groceries therefrom valued at $275.00. This will be referred to as the A. & P. case. In the other indictment, he was jointly charged with Edward Lee Burley with feloniously breaking and entering into the Ashland Camera and Jewelry Store in the night-time of March 18, 1955, and stealing therefrom six pistols, some jewelry and watches, valued at $1,000.00. This will be referred to as the Ashland Camera case.

Trials on each of the indictments were held and concluded on December 20, 1955. The judgment order in the A. & P. case entered on that day, recites that:

Griffin [alias Frank Williams and Frank Smith] "was led to the bar in the custody of the Sheriff of this County. And it appearing to the Court that the accused is not represented by counsel, the Court, before accepting any plea of the accused, doth appoint J. Enos Ray an able and competent attorney at law, practicing before the bar of this Court, to defend him.

"Whereupon the accused, after private consultation with his counsel, stated that he was ready for trial and desired to be tried on this day, Thereupon the accused was duly arraigned and after being advised by his counsel pleaded guilty to the indictment, which plea was tendered by the accused in person, and the Court being of the opinion that the accused fully understood the nature and effect of his plea, proceeded to hear and determine the case without the intervention of a jury as provided by law, and having heard the evidence doth find the accused guilty of Statutory Burglary as

charged in the indictment, and ascertains his punishment to be Ten (10) years in the penitentiary."

Sentence was pronounced against him accordingly.

The order continued: "Upon recommendation of the Attorney for the Commonwealth execution of sentence in this case is suspended for a period of Forty (40) years *upon the condition that the said Leon Sylvester Griffin* (alias Frank Williams and Frank Smith) *be of good behavior and not violate any of the laws of this Commonwealth.*" (Emphasis added.)

In the Ashland Camera case, the order of conviction, entered on the same day, contained the same recitals as to the appointment of counsel to represent Burley and Griffin, their pleas of guilty, the proceedings thereupon, the finding of guilt, and the fixing of punishment of each at confinement for ten years in the penitentiary. It then recited that:

"Upon recommendation of the Attorney for the Commonwealth, execution of sentence in this case is suspended for a period of forty (40) years upon the condition that the said Edward Lee Burley [Alias James Timberlake] and Leon Sylvester Griffin [Alias Frank Williams and Frank Smith] be of good behavior and not violate any of the laws of this Commonwealth *and upon the further condition that they disclose to the officers where the pistols and jewelry, which were stolen, now are.*" (Emphasis added.)

In each case, the defendants were ordered to be returned to the penitentiary. At the time of his trial, Griffin was serving a three-year sentence imposed on him in the Hustings Court of the city of Richmond for "unauthorized use of auto."

On March 19, 1956, both Griffin and Burley were returned from the penitentiary to the Circuit Court of Hanover county, under orders of that court, to show cause why the suspension of their sentences on December 20, 1955, should not be revoked. Each defendant was given a hearing.

In the A. & P. case, the order entered on March 19, 1956, after giving the reason for the hearing, stated that Griffin's sentence in that case had been suspended upon the condition that "he be of good behavior and not violate any of the laws of this Commonwealth *and upon the further condition that he disclose to the officers where the pistols and jewelry, which were stolen, were,* and it having been reported to the Court that he has violated the condition of his suspended sentence." (Emphasis added.) [The judgment order of December 20, 1955, suspending Griffin's sentence was not conditioned

upon his disclosure of the location of the pistols and jewelry, which were charged to have been stolen in the Ashland Camera case.]

After hearing the evidence, the court revoked the suspension of the sentence in the A. & P. case, and directed that Griffin be remanded to the penitentiary to serve the ten-year sentence imposed on him on December 20, 1955, that term not to run concurrently with any other sentence imposed upon him by that court.

In the Ashland Camera case, also heard on the same day, the court revoked suspension of the sentences imposed on Burley and Griffin on December 20, 1955, because of their violation of the precise terms of the conditions contained in the suspension order, in that they had not disclosed to the police the location of the pistols and jewelry charged in that case to have been stolen by them.

On April 26, 1962, Griffin, in his own proper person, filed a petition in this Court for a writ of *habeas corpus*, alleging that he was unlawfully held and detained in the penitentiary in violation of the due process of law and of his constitutional rights by virtue of "two unlawful judgment orders" entered by the Circuit Court of Hanover county on December 20, 1955 and March 19, 1956. He alleged that he was not represented by counsel at the trials held on the above dates, and that he had not violated any of the conditions for the suspension of his sentences in either of the cases mentioned. He prayed that he be allowed to proceed *in forma pauperis*.

We issued a writ on October 3, 1962, directing the Superintendent of the penitentiary to have the body of Griffin before the Circuit Court of Hanover county for a determination of the matters set forth in the said petition. The respondent complied with the writ and filed his answer in the circuit court on December 18, 1962. A hearing was held, at which Griffin was represented by counsel of his own choosing.

In a written opinion dated December 26, 1962, and in an order dated March 8, 1963, directed to be entered *nunc pro tunc* as of December 26, 1962, the circuit court denied the writ.

The record shows no further steps taken by counsel who represented Griffin at the hearing.

On February 25, 1963, Griffin filed his assignment of errors in his own proper person. On October 14, 1963, we awarded this writ of error, and on the following day we granted him leave to proceed *in forma pauperis*, and appointed his present counsel to represent him in this proceeding.

Griffin, by his court-appointed counsel, assigns three errors to the

action of the trial court in denying him relief. He asserts: (1) that the order revoking suspension in the A. & P. case was void, because the court based it on an act not constituting a violation or breach of any condition of the suspension in that case; (2) that the revocation of the suspension of his sentences in the burglary cases was void because he was not represented by counsel in the proceedings therefor; and (3) that the appointment of counsel for him on the day of his trials for statutory burglary did not allow sufficient time for counsel to prepare his defense.

I

Griffin, in order to preserve his suspension of sentence in the A. & P. case, was required "to be of good behavior and not violate any of the laws of this Commonwealth." "Good behavior" has been defined as meaning "conduct conforming to the law."

The requirement of disclosure of the location of the pistols and jewelry in the Ashland Camera case was not a part of the condition for suspension in the A. & P. case. The circuit court, in stating the conditions of suspension in the December 20, 1955 judgments, made clear the distinction between them. It specifically stated in the judgment order in the Ashland Camera case that suspension was based "upon the further condition" of the disclosure of the property stolen in that case.

There is no claim, or evidence, that Griffin breached the condition of the suspension order in the A. & P. case by failing to be of good behavior or for violation of any law. As a matter of fact, he was, all during the time between December 20, 1955 and March 19, 1956, an inmate of the State Penitentiary.

In his written opinion, dated December 26, 1962, the trial judge said, with reference to the denial of Griffin's petition for a writ of *habeas corpus*, that:

"The accused did not furnish the officers with the information as to where the stolen property was and he was brought before the Court on the charge of violating the terms of his probation and his probation was revoked and he was sentenced to serve the term theretofore imposed upon him."

It thus appears that the reason assigned for the revocation of the suspension of sentence in each case was the failure of Griffin and Burley to disclose the location of the stolen pistols and jewelry, made a condition of suspension in the Ashland Camera case. It is obvious

from the opinion of the trial judge that he thought such disclosure was a condition of the suspension in the A. & P. case.

It is not questioned that a trial judge may suspend the execution of a sentence, in whole or in part, if there be circumstances in mitigation of the offense, or if it appears compatible with the public interest, and place a defendant upon probation "during good behavior for such time and under such conditions of probation as the court shall determine." Code, § 53-272;* *Dyke* v. *Commonwealth*, 193 Va. 478, 69 S. E. 2d 483.

Furthermore, "The court may for any cause deemed by it sufficient revoke the imposition of sentence and any probation if the defendant be on probation * * *." § 53-275.*

A court which has ordered a suspension of sentence undoubtedly has the power to revoke it when the defendant has failed to comply with the conditions of the suspension. However, when the accused has complied with conditions specified, he has a right to rely upon them, and the suspension will stand. The action of the court should not, under any circumstances, be arbitrary. *Marshall* v. *Commonwealth*, 202 Va. 217, 220, 116 S. E. 2d 270.

In *Slayton* v. *Commonwealth*, 185 Va. 357, 366, 38 S. E. 2d 479, we said that: "Since the revocation of a suspension deprives the probationer of his liberty, he is entitled to a judicial hearing thereon." This means a hearing in accordance with familiar principles governing the exercise of judicial discretion.

In *Dyke* v. *Commonwealth*, *supra*, 193 Va., this is said at page 483:

"It [the order of the lower court] suspended the execution of the sentence for all time, but upon the condition that the defendant keep the peace and not violate the law for one year. If the defendant had kept that condition, then the court was bound by that condition and could not after that year of good behavior have revoked the suspension and required the defendant to serve the sentence."

The rule is aptly expressed in *State* v. *Robinson*, 248 N. C. 282, 103 S. E. 2d 376, 378, 379:

"Where a sentence in a criminal case is suspended upon certain valid conditions expressed in the sentence imposed, the prisoner has a right to rely upon such conditions, and so long as he complies therewith the suspension should stand. In such a case he carries the keys to his freedom in his willingness to comply with the court's sentence."

---

* Code, §§ 53-272 and 53-275 have each been amended since 1955; but the amendments are not relevant here.

The same principles are stated in *Guest* v. *State*, 87 Ga. App. 184, 73 S. E. 2d 218; *City of Lima* v. *Beer*, 90 Ohio App. 524, 107 N. E. 2d 253; *Blusinsky* v. *Commonwealth*, 284 Ky. 395, 144 S. W. 2d 1038; *State* v. *Zolantakis*, 70 Utah 296, 259 P. 1044; *Hollandsworth* v. *United States*, 34 F. 2d 423, 428, [4th Cir. 1929]; 24 C. J. S., Criminal Law, § 1618 (11), pages 899-900.

Counsel for respondent in his brief does not undertake to refute or rebut the above principles.

The revocation of the suspension in the A. & P. case was invalid and void; and, therefore, the order of March 19, 1956, in that case, directing Griffin to be remanded to the penitentiary to serve the term of ten years imposed upon him on December 20, 1955 must be vacated.

## II

The prison record of Griffin, filed with the response of the Superintendent of the penitentiary, shows that he has served the three years imposed upon him by the Hustings Court of the city of Richmond, has served one of the ten-year sentences imposed upon him by the Circuit Court of Hanover county, and is now being held to serve the other ten-year sentence imposed on him by the same court.

In view of the foregoing situation, and of the conclusion which we have reached with respect to the first assignment of error, we deem it unnecessary to discuss the remaining assignments.

## III

▉ We find no merit in the suggestion of respondent that petitioner is not entitled to bring this *habeas corpus* proceeding, but instead should have appealed from the March 19, 1956 judgment of the circuit court. It is well settled that the deprivation of a constitutional right of a prisoner may be raised by *habeas corpus*. *Lacey* v. *Palmer*, (1896) 93 Va. 159, 163, 24 S. E. 930; *Fitzgerald* v. *Smyth*, (1953) 194 Va. 681, 74 S. E. 2d 810; *Smyth* v. *Holland*, (1957) 199 Va. 92, 97 S. E. 2d 745.

We may add that court-appointed counsel for petitioner has filed an excellent brief on behalf of his client, citing many cases in support of his position on the issues raised.

For the reasons stated, the March 19, 1956 order of the circuit court of Hanover county revoking the suspension of the ten-year sentence of March 19, 1956 imposed on him on December 20, 1955, in the A. & P. case is vacated and set aside. The petitioner having

served the other ten-year term imposed upon him on December 20, 1955, and reimposed on March 19, 1956, it is ordered that he be released from the custody under which he is held by the Superintendent of the Virginia State Penitentiary by virtue of the March 19, 1956 orders of the Circuit Court of the county of Hanover.

*Reversed and writ of habeas corpus awarded.*