**Major Melvin JOHNSON,
Plaintiff-Appellee,**

**v.**

**R.M. MUNCY; Attorney General of
Virginia, Defendants-Appellants.**

**No. 86–6636.**

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 9, 1987.

Decided Sept. 22, 1987.

Rehearing and Rehearing En Banc
Denied Nov. 17, 1987.

Frank A. Ferguson, Asst. Atty. Gen. (Mary Sue Terry, Atty. Gen. of Virginia, on brief), for defendants-appellants.

John Biek, Student Counsel (Steven H. Goldblatt, Director, Appellate Litigation Clinical Program, Georgetown University Law Center, Samuel Dash, Director, Ellen Pearlman, Appellate Law Fellow, Diane Kenty, Student Counsel, on brief), for plaintiff-appellee.

Before PHILLIPS and SPROUSE, Circuit Judges, and KAUFMAN, Senior United States District Judge for the District of Maryland, sitting by designation.

FRANK A. KAUFMAN, Senior District Judge:

In September 1973, Johnson was convicted in a jury trial in the Circuit Court of Fairfax County, Virginia of rape and abduction, and sentenced to life imprisonment. The victim was accosted and raped during the early morning hours of March 17, 1973. At trial, Johnson and two witnesses testified, in support of an alibi defense, that Johnson had been elsewhere during the above-referenced time period. The trial judge gave the following jury instruction concerning Johnson's alibi defense:

> Where the Commonwealth has established a prima facie case and the defendant relies upon the defense of alibi, the burden is upon him to prove it, not beyond a reasonable doubt nor by preponderance of the evidence, but by such

evidence and to such a degree of certainty as will, when the whole evidence is considered, create and leave in the mind of the jury a reasonable doubt as to the guilt of the defendant.[1]

Johnson's counsel objected to that instruction, on the ground that it impermissibly placed the burden of proof on the defendant with respect to his alibi defense. That objection was overruled by the trial judge.

On September 24, 1973, Johnson's trial counsel timely filed a Notice of Appeal and Assignments of Error. The third assignment of error stated:

> That the Trial Court erred in instructing the jury, as set forth in Commonwealth's Instruction No. 7, which was granted by the Court, that the burden of proving an alibi defense rests upon the Defendant, since the burden of proof in a criminal case always rests upon the Commonwealth.[2]

Thereafter, in January 1974, Johnson's counsel filed a Petition for Appeal to the Supreme Court of Virginia, in which no mention of the alibi jury instruction was made. The Supreme Court of Virginia dismissed Johnson's Petition for Appeal. In March 1985, Johnson's state habeas corpus petition, filed in November 1984, was also dismissed by the Supreme Court of Virginia. In seeking such habeas corpus relief, Johnson contended, *inter alia*, that "[t]he court erred in overruling defense counsel's objection to [the alibi jury] instruction ... on the basis that it placed the burden of proof on the defendant...."[3] In its March 1985 Order specifically denying relief as to that contention, the Supreme Court of Virginia cited to "the rule in *Slayton v. Parrigan*, 215 Va. 27, 205 S.E.2d 680 (1974)."[4]

Subsequently, Johnson sought federal habeas corpus relief in the United States District Court for the Eastern District of Virginia, again raising, *inter alia*, the alibi jury instruction issue.[5] The district court issued the writ, holding that the challenged jury instruction had unconstitutionally shifted the burden of proof. *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). *See Adkins v. Bordenkircher*, 674 F.2d 279 (4th Cir.), *cert. denied*, 459 U.S. 853, 103 S.Ct. 119, 74 L.Ed. 2d 104 (1982). In so doing, Judge Bryan rejected the State's contention that Johnson had not timely preserved the alibi-jury instruction issue under applicable Virginia law and, in addition, stated that, in any event, Johnson's petition fell within the "cause and prejudice" exception to a procedural default under *Wainwright v. Sykes*, 433 U.S. 72, 84, 97 S.Ct. 2497, 2505, 53 L.Ed.2d 594 (1977). The within appeal by the State followed.

The State concedes that the 1973 jury instruction was unconstitutional under *Mullaney v. Wilbur, supra,* and that its unconstitutionality must be given retroactive effect pursuant to *Hankerson v. North Carolina*, 432 U.S. 233, 97 S.Ct. 2339, 53 L.Ed.2d 306 (1977). However, the State contends that Johnson's failure to raise that question in his Petition for Appeal to the Supreme Court of Virginia on direct appeal following his trial constituted a procedural default under *Wainwright v. Sykes, supra,* precluding review of that issue in the context of Johnson's federal habeas corpus suit.

In *Hankerson v. North Carolina*, in the course of holding that the rule of *Mullaney v. Wilbur* was retroactively applicable, Justice White wrote:

> The States, if they wish, may be able to insulate past convictions by enforcing the normal and valid rule that failure to ob-

---

1. App. 240.

2. App. 270. Instruction No. 7 is set forth at App. 240.

3. App. 320.

4. App. 334.

5. Other grounds not herein at issue are alternatively alleged in Johnson's federal habeas corpus suit. Those grounds are ineffective assistance of counsel, insufficiency of evidence, admission of various items of physical evidence, jury instruction concerning credibility of government witnesses at trial, and trial court's failure to give a jury instruction concerning circumstantial evidence. App. 343–51.

ject to a jury instruction is a waiver of any claim of error. See, e.g., Fed.Rule. Crim.Proc. 30.

*Hankerson v. North Carolina,* 432 U.S. at 244 n. 8, 97 S.Ct. at 2345–46 n. 8. Subsequently, in *Wainwright v. Sykes, supra* 433 U.S. at 84–85, 97 S.Ct. at 2505, the Supreme Court held that an adequate and independent state procedural rule, barring a claim of error in a state collateral-attack proceeding because the defendant had not preserved the claim at trial, will likewise bar that claim on collateral attack in a federal habeas corpus suit, absent cause and prejudice. In *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), Justice O'Connor stated that failure to raise a claim on appeal in accordance with applicable rules of state appellate procedure bars the claim in collateral federal habeas proceedings, absent cause and prejudice. *Id.* at ——, 106 S.Ct. at 2648, 91 L.Ed.2d at 410. In *Murray,* the Supreme Court also made it clear that "inadvertent attorney error," *id.* at ——, 106 S.Ct. at 2645, 91 L.Ed.2d 407, does not constitute "cause" and reiterated, as it had previously stated in *Davis v. United States,* 411 U.S. 233, 244–45, 93 S.Ct. 1577, 1583–84, 36 L.Ed.2d 216 (1973), and in *Francis v. Henderson,* 425 U.S. 536, 542 n. 6, 96 S.Ct. 1708, 1711 n. 6, 48 L.Ed.2d 149 (1976), that prejudice means "actual prejudice" flowing from the procedural default. *Murray,* 477 U.S. at —— –——, 106 S.Ct. at 2648–50, 91 L.Ed.2d at 412–15.

Specifically, the question arises in the within appeal as to whether Johnson, when he filed his Petition for Appeal to the Supreme Court of Virginia in January, 1974 from his state trial court conviction, failed to conform to the requirements imposed by the Supreme Court of Virginia in order for Johnson to preserve his alibi-jury-instruction objection as a ground for relief on direct appeal from his state court conviction for rape and abduction. Thus, the Virginia requirement existing in January 1974 needs to be ascertained herein. *See, e.g., Francis v. Henderson, supra* 425 U.S. at 537, 96 S.Ct. at 1709; *Whitley v. Bair,* 802 F.2d 1487, 1500 *et seq.* (4th Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 1618,

94 L.Ed. 2d 802 (1987); *Spencer v. Kemp,* 781 F.2d 1458, 1469 (11th Cir.1986). On September 24, 1973, when Johnson filed his Notice of Appeal and Assignments of Error and also in January 1974 when Johnson filed his Petition for Appeal, Rules 5:6 and 5:7 of the Supreme Court of Virginia provided:

5:6. No appeal shall be allowed unless, within thirty days after entry of final judgment, counsel files with the clerk notice of appeal and assignments of error. The notice of appeal and assignments of error shall contain a statement whether or not any transcript or statement of facts, testimony or other incidents of the case is to be thereafter filed. Within fourteen days thereafter counsel for the appellee shall file with the clerk assignments of cross-error, if any.

5:7. This Court will not notice any objection requiring a ruling of the trial court unless the ground of objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice. Only errors assigned in the notice of appeal and assignments of error will be noticed by this Court and error not so assigned will not be admitted as a ground of a reversal of a decision below.

Final judgment in connection with Johnson's conviction was entered in the Circuit Court of Fairfax County, Virginia on September 5, 1973. A document entitled "Notice of Appeal and Assignments of Error" was filed with the Clerk of that trial court on September 24, 1973. Thus, Johnson complied with the thirty-day provision of Rule 5:6. Objection to the trial court's alibi jury instruction was timely made at trial and was also set forth specifically in the "Notice of Appeal and Assignments of Error." Accordingly, Johnson complied with each and all of the provisions of Rule 5:7.

Further, as required by Rules 5:21–5:26 of the Supreme Court of Virginia, Johnson's counsel, in January 1974, filed Johnson's Petition for Appeal in the office of the Clerk of the Supreme Court of Virginia. That Petition for Appeal, however, did not

refer to or otherwise specifically raise the alibi-jury instruction presently in issue.

The State concedes that the Rules of the Supreme Court of Virginia, applicable at the time of Johnson's trial and direct appeal, did not explicitly require that the Petition for Appeal state all issues upon pain of waiver.[6] The State contends, however, that the regularly and strictly followed decisional law of the Supreme Court of Virginia at the time of Johnson's appeal from his trial conviction established that issues not argued in the Petition for Appeal were waived.

In *Henry v. Mississippi*, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408, *reh. denied,* 380 U.S. 926, 85 S.Ct. 878, 13 L.Ed.2d 813 (1965), Justice Brennan wrote:

> [A] litigant's procedural defaults in state proceedings do not prevent vindication of his federal rights unless the State's insistence on compliance with its procedural rule serves a legitimate state interest. In every case we must inquire whether the enforcement of a procedural forfeiture serves such a state interest. If it does not, the state procedural rule ought not be permitted to bar vindication of important federal rights.

*Id.* at 447–48, 85 S.Ct. at 567 (footnote omitted).

Notwithstanding the failure of the Rules of the Supreme Court of Virginia in 1973 and 1974 specifically so to state, contentions not stated in a Petition for Appeal, even if assigned as error in the Notice of Appeal, were, prior to 1976, deemed by the Supreme Court of Virginia to have been abandoned and waived insofar as direct review on appeal from conviction was concerned. *See Massey v. Jones*, 182 Va. 200, 28 S.E.2d 623, 628 (1944). *See also Quintana v. Commonwealth*, 224 Va. 127, 295 S.E.2d 643, 645 n. 1 (1982), *cert. denied,* 460 U.S. 1029, 103 S.Ct. 1280, 75 L.Ed.2d 501 (1983); *Perrow v. Payne*, 203 Va. 17, 121 S.E.2d 900, 909 (1961); *St. Joseph's Society v. Virginia Trust Co.*, 175 Va. 503,

9 S.E.2d 304, 306 (1940). Such procedural decisions, in and of themselves, do serve a legitimate state interest and accordingly can, in a given case, furnish an independent and adequate state ground barring federal habeas corpus review of the jury instruction issue in connection with which Johnson has procedurally defaulted. *See Murray v. Carrier*, 477 U.S. 478, ——, 106 S.Ct. 2639, 2646–48, 91 L.Ed.2d 397, 409–11 (1986). But, in this case, our inquiry does not end here. The Supreme Court of Virginia dismissed Johnson's claim of error in the state habeas corpus case with regard to the alibi jury instruction by "[a]pplying the rule in *Slayton v. Parrigan*, 215 Va. 27, 205 S.E. 2d 680 (1974)."[7] *Slayton* was decided by the Supreme Court of Virginia on June 10, 1974, several months *after* Johnson took his direct appeal to Virginia's highest court. In *Slayton*, the court seemingly recognized the conflict in its case law concerning the scope of state habeas corpus review of claims with regard to which the habeas corpus petitioner had procedurally defaulted in prior state proceedings, writing as follows:

> We have repeatedly held that under Rule 1:8, now Rule 5:7, an objection requiring a ruling of the trial court must be made during trial when identification testimony is offered or it will not be noticed upon appeal. *Poole v. Commonwealth*, 211 Va. 258, 260, 176 S.E.2d 821, 823 (1970); *Henry v. Commonwealth*, 211 Va. 48, 52, 175 S.E.2d 416, 419 (1970).
>
> A petition for a writ of habeas corpus may not be employed as a substitute for an appeal or a writ of error. *Brooks v. Peyton*, 210 Va. 318, 321–22, 171 S.E.2d 243, 246 (1969); *Smyth v. Bunch*, 202 Va. 126, 131, 116 S.E.2d 33, 37–38 (1960).
>
> It is true we said in *Griffin v. Cunningham*, 205 Va. 349, 355, 136 S.E.2d 840, 845 (1964): "It is well settled that the deprivation of a constitutional right of a prisoner may be raised by *habeas*

---

**6.** The Rules of the Supreme Court of Virginia were changed in 1976 explicitly so to state. Rule 5:21, effective Sept. 1, 1976. Those Rules were again changed in 1985. *See Whitley v. Bair,* 802 F.2d 1487, 1500 (4th Cir.1986), *cert.*

*denied,* —— U.S. ——, 107 S.Ct. 1618, 94 L.Ed.2d 802 (1987).

**7.** App. 334.

*corpus.*" But in the interest of the finality of judgments and since the original function of the writ of habeas corpus was to provide an inquiry into jurisdictional defects, we hold that the principle enunciated in *Griffin* is inapplicable when a prisoner has been afforded a fair and full opportunity to raise and have adjudicated the question of the admissibility of evidence in his trial and upon appeal. [Citations omitted.]

The trial and appellate procedures in Virginia are adequate in meeting procedural requirements to adjudicate State and Federal constitutional rights and to supply a suitable record for possible habeas corpus review. A prisoner is not entitled to use habeas corpus to circumvent the trial and appellate processes for an inquiry into an alleged non-jurisdictional defect of a judgment of conviction. Since the issue of the alleged constitutionally improper pre-trial identification could have been raised and adjudicated at petitioner's trial and upon his appeal to this court, Parrigan had no standing to attack his final judgment of conviction by habeas corpus.

*Id.* 205 S.E.2d at 682 (footnote omitted).

*Slayton* represents a shift from the more liberal state habeas corpus review position set forth in *Griffin v. Cunningham,* 205 Va. 349, 355, 136 S.E.2d 840, 845 (1964). *See Whitley v. Bair,* 802 F.2d at 1501; *Cartera v. Mitchell,* 553 F.Supp. 866, 869 (E.D.Va.1982) ("subsequent decisions have rendered this *Griffin* principle 'inapplicable' when a prisoner has been afforded a full and fair opportunity to raise his constitutional claim at trial and on appeal," citing to *Slayton* ); *Derrow v. Shields,* 482 F.Supp. 1144, 1149 (W.D.Va.1980) (characterizing *Slayton* as a "process of redefining" by the Supreme Court of Virginia of "its traditional notions of what constitutes a defect rendering a detention one without lawful authority"). However, up to and including the time of Johnson's trial in September 1973 and his subsequent direct appeal, the Supreme Court of Virginia applied a different standard concerning the issue of waiver on direct appeal than in connection with state collateral attack. *Compare Slayton v. Parrigan,* 215 Va. 27, 205 S.E. 2d 680 (1974), *with Griffin v. Cunningham,* 205 Va. 349, 136 S.E.2d 840 (1964). Pursuant to those different standards existing in 1973 and 1974, Johnson, *insofar as his direct appeal was concerned,* had waived his claim of error concerning the alibi jury instruction by failing to set forth that claim in his petition for appeal. However, at the time of his trial and appeal, Johnson's waiver of that issue in connection with his direct appeal would not have precluded review of that issue *in connection with state habeas corpus collateral attack* under the then valid precedent of *Grffin.*

In *Spencer v. Kemp,* 781 F.2d 1458 (11th Cir.1986), the appellant had been convicted of murder in a jury trial in a Georgia state court and sentenced to death. Spencer did not make a timely objection before the trial began to the jury array from which the jury was drawn.[8] Under Georgia proce-

---

**8.** After counsel had announced their readiness to proceed with *voir dire,* but before the selection of jurors had begun, Spencer presented the trial judge with a *pro se* petition for removal which he allegedly had filed in federal court, seeking removal on the grounds that blacks were systematically excluded from Burke County jury rolls. The petition did not mention a jury challenge having been made in the trial court, as none had been made. The district attorney took the position that the removal petition had not been filed in federal court, and the trial court ruled that it retained jurisdiction. After this ruling, *voir dire* began and nineteen jurors tentatively qualified by the end of the day.

The next morning, January 8, before *voir dire* resumed, Spencer filed a *pro se* motion challenging the jury array. No evidence was produced to support the motion. The trial judge overruled the motion, finding that it had not been timely filed.

On January 15, 1975, immediately after the qualification of the jury was completed, the trial judge asked the district attorney if he was ready to proceed with the trial. The district attorney responded that the state was ready, but that they would argue the motion challenging the jury array if Spencer's counsel insisted on the motion. Both the judge and Spencer's counsel stated that they thought the motion had been disposed of. The district attorney then asked whether or not the accused insisted on the motion, to which Spencer's counsel replied, "[n]ot while I'm under

dure in effect at the time of Spencer's trial and seemingly in effect continuously to and including the date on which the Eleventh Circuit filed its opinion in *Spencer*, that failure constituted a procedural default precluding direct state appellate court review on appeal by Spencer of his claim that the jury was unconstitutionally composed. *Id.* at 1465.

When Spencer was tried in January 1975, a Georgia statute known as the Habeas Corpus Act of 1967 was in force and effect. That statute provided in relevant part:

> Rights conferred or secured by the Constitution of the United States shall not be deemed to have been waived unless it is shown that there was an intentional relinquishment or abandonment of a known right or privilege which relinquishment or abandonment was participated in by the party and was done voluntarily, knowingly and intelligently.

1967 Ga. Laws 835, 836 (codified at Ga. Code § 50–127(1) (amended 1975), *quoted and discussed in Spencer* at 1465–66.

On April 24, 1975, three months after Spencer's trial, the 1967 Georgia statute was amended to read as follows:

> Except for objections relating to the composition of a grand or traverse jury, rights conferred or secured by the Constitution of the United States shall not be deemed to have been waived unless it is shown that there was an intentional relinquishment or abandonment of a known right or privilege which relinquishment or abandonment was participated in by the party and was done voluntarily, knowingly and intelligently. *The right to object to the composition of the grand or traverse jury will be deemed waived under this section, unless the person challenging the sentence shows in the petition and satisfies the court that cause exists for his being allowed to pursue the objection after the conviction and sentence has [sic] otherwise become final.*

the impression that [it has] been disposed of." The jury was then sworn and the trial commenced.

1975 Ga. Laws 1143, 1143–44 (codified at O.C.G.A. § 9–14–42), *quoted and discussed in Spencer* at 1466 n. 14 (emphasis added).

Spencer filed a state habeas corpus petition in a Georgia state court in 1977. On appeal, the Georgia Supreme Court determined that the above-set-forth April 24, 1975 Georgia statute was retroactively applicable to the date of the jury selection during Spencer's trial and barred Spencer's 1977 state habeas corpus claim concerning his challenge to the jury array. After the Georgia Supreme Court so held, Spencer unsuccessfully sought federal habeas corpus relief in the federal district court. Thereafter, he appealed to the Eleventh Circuit. In his opinion for the Eleventh Circuit, Judge Hill, after reviewing the history, and the application by the Georgia Supreme Court, of the 1967 and 1975 Georgia statutes, wrote, for himself and seven other judges of an en banc twelve-judge court, that "federal courts should generally determine questions of procedural default according to the habeas waiver law *in effect at the time of the asserted waiver*, and that retroactive effect should not be given," *id.* at 1469 (footnote omitted; emphasis added); and that "to hold federal habeas petitioners to the more rigorous state law standards applicable on direct appeal," *id.*, but not applicable in connection with state collateral attack until after the dates of conviction and affirmance on direct appeal, would turn the earlier "non-waiver provision" into a "trap for the unwary." *Id., quoting from Lefkowitz v. Newsome,* 420 U.S. 283, 293, 95 S.Ct. 886, 891, 43 L.Ed.2d 196 (1975). The majority in *Spencer* concluded that the Georgia Supreme Court's retroactive application of the 1975 Georgia statutory change would be "manifestly unfair" and did not "constitute an independent and adequate state procedural ground for our rejection of his challenge on federal habeas," citing to a series of decisions of the Supreme Court of the United States. *Id.* at 1469–70.

In *Spencer*, four judges of the Eleventh Circuit en banc panel of twelve, in the course of concurring specially and/or dis-

*Id.* at 1461–62.

senting, took differing positions based on the facts of the case and in no way indicated that any of them held the view that the 1975 Georgia statutory change barred federal habeas corpus relief sought after 1975 by a federal habeas corpus petitioner whose trial conviction had occurred and whose direct appeal had been denied, prior to 1975.

Because we find the reasoning of the majority opinion in *Spencer* instructive and persuasive, we hold that the standard of *Slayton,* enunciated after Johnson's conviction and unsuccessful direct appeal, and replacing the earlier standard of *Griffin,* does not bar Johnson from seeking federal habeas corpus relief in the within case. Nevertheless, we are of the view that we should, in the circumstances of this case, vacate the district court's grant of federal habeas corpus relief and remand this case for further proceedings in the district court. In *Rose v. Clark,* 478 U.S. ——, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986), the Supreme Court wrote that "if the defendant had counsel and was tried by an impartial adjudicator, there is a strong presumption that any other errors that may have occurred are subject to harmless error analysis." *Id.* 478 U.S. at ——, 106 S.Ct. at 3106–07, 92 L.Ed.2d at 471. In the within case, the district court did not determine whether the state trial court's faulty alibi jury instruction constituted harmless error. In addition, the district court, because it granted Johnson the relief he sought on the grounds of the faulty alibi jury instruction, did not reach the other grounds upon which Johnson seeks habeas corpus relief herein.[9] Accordingly, we hereby remand the within case to the district court with directions to determine whether the state trial court committed harmless error in connection with the challenged alibi jury instruction and also to rule with regard to the said other grounds for relief stated by Johnson to the extent it is necessary for the district court to reach those grounds.

VACATED AND REMANDED.

9. *See* n. 5, *supra.*