849 F.2d 605
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Major Melvin JOHNSON, Petitioner-Appellant,
v.
R.M. MUNCY, Warden; Attorney General of Virginia,
Respondents-Appellees.
 No. 88-6541.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 28, 1988.
Decided: June 6, 1988.
 
 Major Melvin Johnson, appellant pro se.
 Frank Snead Ferguson (Office of the Attorney General of Virginia), for appellees.
 Before JAMES DICKSON PHILLIPS, SPROUSE and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Major Melvin Johnson appeals the district court's determinations on remand from Johnson v. Muncy, 830 F.2d 508 (4th Cir.1987), that the burden-shifting alibi instruction given at his rape trial was harmless error and that Johnson's remaining challenges to his conviction were without merit. We deny a certificate of probable cause and dismiss this appeal from the district court's denial of relief under 28 U.S.C. Sec. 2254.
 
 
 2
 Under Rose v. Clark, 478 U.S. 570, 54 U.S.L.W. 5023 (U.S. July 2, 1986) (No. 84-1974), a jury instruction which imposes on the defendant the burden of proving alibi is harmless if "the evidence was so dispositive of [presence at the crime] that a reviewing court can say beyond a reasonable doubt that the jury would have found it unnecessary to rely on the [burden-shifting instruction]. Rose, 54 U.S.L.W. at 5027 (quoting Connecticut v. Johnson, 460 U.S. 73, 97 n. 5 (1983) (Powell, J., dissenting)). The evidence of Johnson's presence at the crime was so dispositive in this case that we find the erroneous instruction harmless beyond a reasonable doubt.
 
 
 3
 The victim's identification of Johnson was positive and unshaken. Her identification was corroborated by her description of Johnson's car and the items inside it. Johnson's alibi witnesses, on the other hand, contradicted each other on whether they had previously discussed their recollections of the evening of the offense. The credibility of Johnson's principal alibi witness was undermined on cross-examination by her adamant denial that she had ever discussed the events of that evening with anyone prior to discussing them with Johnson's attorney the week before trial and her inability to explain her precise recall of her activities on that evening when she could not remember more recent events. Johnson's own testimony was undermined by the state's evidence that when he was arrested he had given a different account of his activities on the night of the offense.
 
 
 4
 In view of the strength of the state's case and the defects in Johnson's alibi evidence we find beyond a reasonable doubt that the jury would have found it unnecessary to rely on the erroneous instruction in finding Johnson guilty. For the reasons stated by the district court we also find Johnson's remaining claims of error to be without merit. Johnson v. Muncy, C/A No. 85-704-AM (E.D.Va. Jan. 14, 1988). Accordingly, we deny a certificate of probable cause and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately developed in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 DISMISSED.