COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Senior Judges Willis and Annunziata
Argued at Alexandria, Virginia


EDWOOD C. SPENCER

MEMORANDUM OPINION[*] BY
v.      Record No. 3086-06-4      JUDGE JERE M.H. WILLIS, JR.
DECEMBER 27, 2007

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Stanley P. Klein, Judge

Karin Kissiah, Assistant Public Defender, for appellant.

Leah A. Darron, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


On appeal from the revocation of his probation and suspension of sentence, Edwood C.

Spencer presents one question: "Under the Fourteenth Amendment of the United States

Constitution, is a Probationer's liberty interest to be free from anti-psychotic drugs violated when

the Court requires the consumption of anti-psychotic medication as a condition of probation without

first determining that the Probationer is a danger to himself or others?" The record reveals that

Spencer violated the terms of his suspended sentence and probation on two grounds, one of which

does not involve the question presented. Therefore, we affirm without reaching the question

presented.

In February 2004, Spencer was convicted of violating Code § 18.2-154. He was sentenced

to a term of incarceration followed by a period of suspension and probation requiring mental health

treatment. In September 2004 and again in April 2006, he violated the terms of his suspended

_____
[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

sentence and probation. At the hearing on the April 2006 violation, he objected to the requirement that he take medication to treat his mental illness. The trial court held that the conditions of suspension and probation did not violate Spencer's constitutional rights. We affirmed, holding that "competent and substantial evidence exists in the record to support other charged violations . . . ." Spencer v. Commonwealth, Record No. 1763-06-4 (Va. Ct. App. Aug. 7, 2007).

In September 2006, the probation officer reported that Spencer had again violated the terms of his probation and suspension of sentence by refusing to take his medication and by threatening the trial judge, stating that the judge "was going to burn in hell soon." At the subsequent violation hearing, the trial court made the following findings:

> And I further find that he's in violation of the terms of his probation for two reasons. His statement about the Court is contemptuous, and he's made clear that he has no intention of taking the medication which his statements show he needs and the history of this case absolutely prove that he needs.

By order entered December 11, 2006, the trial court revoked the suspension of Spencer's sentence and sentenced him to serve the remainder of the sentence. This appeal followed.

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). In revocation appeals, the trial court's "'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" Keselica v. Commonwealth, 34 Va. App. 31, 35, 537 S.E.2d 611, 613 (2000) (quoting Davis v. Commonwealth, 12 Va. App. 81, 86, 402 S.E.2d 684, 687 (1991)). The trial court "'undoubtedly has the power to revoke [the suspension of a sentence] when the defendant has failed to comply with the conditions of the suspension.'" Russnak v. Commonwealth, 10 Va. App. 317, 321, 392 S.E.2d 491, 493 (1990) (quoting Griffin v. Cunningham, 205 Va. 349, 354, 136 S.E.2d 840, 844 (1964)).

The trial court revoked Spencer's suspended sentence and probation on two grounds. On appeal, Spencer contests only one of those grounds. His failure to address alternative grounds for the trial court's decision waives further appellate review of that decision, assuming the alternative ground is legally capable of supporting the decision. <u>See</u> <u>Johnson v. Commonwealth</u>, 45 Va. App. 113, 116-17, 609 S.E.2d 58, 60 (2005).

Assuming *arguendo* that we were to find fault with the trial court's ruling on the medication-based ground for revocation, the threat-based ground remains. On appeal, Spencer does not contest that ground. That ground, standing alone, is legally sufficient to support the revocation and does not reflect an abuse of discretion. Therefore, we affirm the judgment of the trial court on that basis and decline to discuss the question presented by Spencer.

<u>Affirmed.</u>