COURT OF APPEALS OF VIRGINIA

Present: Judges Chaney, Callins and Senior Judge Petty

NATHANIEL JEREMIAH YOUNT

v.      Record No. 1189-21-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
SEPTEMBER 20, 2022

FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
Bruce D. Albertson, Judge

(David L. Parker; David L. Parker, P.C., on brief), for appellant.

(Jason S. Miyares, Attorney General; Stephen J. Sovinsky, Assistant
Attorney General, on brief), for appellee.

Nathaniel Jeremiah Yount ("Yount") appeals from the judgment of the Circuit Court of

Rockingham County ("circuit court") revoking his previously suspended sentences. Yount

contends that the circuit court abused its discretion by revoking seven years and eighty days of his

suspended sentences because the "amount of time . . . vastly exceeded the recommended sentence of

the Virginia Sentencing Guidelines." After examining the briefs and record, this Court finds that

oral argument is unnecessary because the appeal is wholly without merit. *See* Code

§ 17.1-403(ii)(a); Rule 5A:27(a). For the following reasons, this Court affirms the circuit court's

judgment.

BACKGROUND

In April 2019, the circuit court convicted Yount of possession with intent to distribute a

Schedule I or II controlled substance and driving under a suspended license, third offense. The

circuit court sentenced Yount to eight years' incarceration with seven years suspended for the drug

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

conviction and ninety days' incarceration with eighty days suspended for the driving conviction. Yount's suspended sentences were conditioned on the successful completion of two years of supervised probation.

Within months of his release from incarceration, Yount was arrested in Orange County and pleaded guilty to eluding police and possession with intent to distribute a Schedule I or II controlled substance. Yount also failed to meet with his probation officer as instructed and did not seek employment. As a result, his probation officer filed a major violation report with the circuit court and requested that a capias be issued.

At Yount's revocation hearing, the circuit court admitted into evidence the probation officer's major violation report, addenda, and the police report for the new charges. The court also admitted into evidence Yount's criminal history. Yount admitted that, while on probation, he had committed new criminal offenses. The circuit court found Yount in violation of the terms of his supervised probation and suspended sentences.

At the conclusion of the evidence, the Commonwealth argued that the recommended sentencing range under the discretionary sentencing guidelines was inadequate for Yount's crimes and asked the circuit court to impose an active sentence above the recommended range of six to eighteen months. The Commonwealth claimed that probation had never worked for Yount in the past and that Yount was a danger to the community. Yount argued that he accepted responsibility for his actions by pleading guilty to the new criminal charges and requested that the circuit court impose an active sentence within the guidelines.

During his allocution, Yount asked the circuit court to consider his history of drug addiction and the impact his actions had on his family. Yount admitted that he was ashamed of his conduct and claimed that he was trying to rehabilitate himself. Before ruling, the circuit court noted Yount's

extensive criminal history. The court also considered that Yount was on probation for a drug offense when he committed the same crime within months of his release.

The circuit court determined that considering Yount's extensive criminal history, including violent misdemeanors and repeated failures to comply with the terms of probation, it would be inappropriate to apply the discretionary sentencing guidelines. The circuit court revoked the entirety of Yount's suspended sentences without re-suspending any portion thereof.

ANALYSIS

A trial court "may revoke the suspension of [a] sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "It is beyond question that '[a] court which has ordered a suspension of sentence undoubtedly has the power to revoke it when the defendant has failed to comply with the conditions of the suspension.'" *Russnak v. Commonwealth*, 10 Va. App. 317, 321 (1990) (quoting *Griffin v. Cunningham*, 205 Va. 349, 354 (1964)).

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). We "view the evidence received at [a] revocation hearing in the light most favorable to the Commonwealth, as the prevailing party, including all reasonable and legitimate inferences that may properly be drawn from it." *Johnson v. Commonwealth*, 296 Va. 266, 274 (2018) (quoting *Henderson v. Commonwealth*, 285 Va. 318, 329 (2013)).

Yount acknowledges that the circuit court had the authority to revoke his suspended sentences for failure to comply with the terms of probation, but he contends that the court arbitrarily determined that the discretionary sentencing guidelines were inadequate. Yount also argues that the circuit court's decision to revoke seven years and eighty days of his suspended sentences was made

without "conscientious judgment" given the evidence presented.  Yount notes that he assumed responsibility for the crimes he committed in Orange County and had received a "significant sentence" for those crimes.

At the revocation hearing, the circuit court heard evidence of Yount's drug addiction and family circumstances.  Additionally, the court considered evidence of Yount's extensive criminal history and failure to meet with his probation officer and seek employment while on probation.

In sentencing Yount, the circuit court noted that his criminal history included drug distribution.  The court added that, while on probation for drug distribution, he violated his probation by continuing to distribute drugs within "just months" of being released from incarceration.  The court found that Yount kept "coming back to" dealing drugs.  The circuit court determined that given Yount's record, it would sentence him above the discretionary guidelines and revoke the entire suspended sentences.

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments."  *Howell v. Commonwealth*, 274 Va. 737, 740 (2007).  Yount did not comply with his probation conditions as he continued to engage in criminal conduct, failed to meet with his probation officer, and failed to seek employment.

The record establishes that the circuit court had sufficient cause to revoke Yount's suspended sentences. This Court holds that the active sentence subsequently imposed by the circuit court represents a proper exercise of its discretion given Yount's extensive criminal history and continuing criminal activity. *See Alsberry v. Commonwealth*, 39 Va. App. 314, 321 (2002) (finding the court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety "in light of the grievous nature of [the defendant's] offenses and his continuing criminal activity").

CONCLUSION

For the foregoing reasons, this Court affirms the circuit court's judgment.

*Affirmed.*