CHARLES ANTHONY BAKER

V.

COMMONWEALTH OF VIRGINIA

Record No. 841436

October 11, 1985

Present: All the Justices

*David P. Baugh* for appellant.

*W. Mark Dunn, Assistant Attorney General (William G. Broaddus, Attorney General,* on brief), for appellee.

THOMAS, J., delivered the opinion of the Court.

Charles Anthony Baker was tried before a jury on charges of conspiracy to commit grand larceny, attempted grand larceny, and receipt of stolen property. He was found guilty of the first two charges. The jury fixed a sentence of 12 months in jail and a fine of $1,000 for each conviction.

On June 23, 1984, the trial court entered judgment on the jury verdict and imposed the sentences and fines fixed by the jury. In that same order, the court also required Baker to reimburse the Commonwealth the sum of $21,600 in cash or its equivalent, which was the value of certain state-owned jewelry sold to Baker by a prosecution witness as part of the investigation of Baker's illegal activities. Baker contends that the trial court had no authority to order the $21,600 reimbursement. We agree.

According to the Commonwealth, Code § 19.2-305 authorizes the trial courts to require restitution and is the authority for the trial court's action with regard to Baker. The statute, which has been amended since Baker was convicted, originally read as follows:

While on probation the defendant may be required to pay in one or several sums a fine or costs, or both such fine and costs, imposed at the time of being placed on probation as a condition of such probation, and the failure of the defendant to pay such fine or costs, or both such fine and costs, at the prescribed time or times may be deemed a breach of such probation. *Such defendant may be required to make restitution or reparation to the aggrieved party or parties for damages or loss caused by the offense for which conviction was had, or may be required to provide for the support of his wife or others for whose support he may be legally responsible.* Such defendant may submit a proposal to the court for making restitution or to provide for support.

Code § 19.2-305 (1950) (emphasis added). The Commonwealth submits that the italicized sentence beginning "Such defendant" gives the trial court the right to require restitution.

In our opinion, the statute does not apply to this case. Here the defendant was not on probation.* By its terms, the restitution por-

---

* The Commonwealth makes a lengthy argument that this appeal should be dismissed because of certain alleged irregularities in the filing of the statement of facts. However, since it is apparent to the Court from the judgment and sentencing orders in the record

tion of this statute comes into play when the defendant is on probation. This is the import of the words "Such defendant"; they refer to the first sentence where the defendant is described as one on probation. Without authority, the trial court ordered restitution, and consequently its ruling in that regard must be reversed.

Therefore, we will reverse the order of the trial court that required Baker to reimburse the Commonwealth in the amount of $21,600 and will direct the trial court to return to Baker, upon his request, any and all monies paid into court pursuant to the invalid order of reimbursement. All other portions of the judgment appealed from will be affirmed.

*Affirmed in part,*
*reversed in part,*
*and remanded.*

that defendant was not on probation, we do not need the statement of facts to resolve this dispute.