**Richmond**

CARL DAVID RUSSNAK

v.

COMMONWEALTH OF VIRGINIA

No. 1448-88-2

Decided May 8, 1990

COUNSEL

Gary A. Hicks, for appellant.

Marla Lynn Graff, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BENTON, J.**—While on parole, Carl David Russnak was ordered by the trial judge to show cause why a fifteen year suspended prison sentence should not be revoked. Russnak appeals from an order which, although not revoking the suspended sentence, required restitution and imposed supervised probation, neither of

which condition was imposed in the sentencing order. Russnak contends: (1) that there was no proof of a violation sufficient to sustain an adverse ruling; and (2) that the ordering of restitution and probation was tantamount to imposition of a new sentence. For the reasons that follow, we reverse the judgment on the show cause order.

In October 1986, Carl Russnak pled guilty to grand larceny in violation of Code § 18.2-95, and he requested a presentence report. At the December 1986 sentencing hearing, defense counsel told the trial judge:

> I should also point out, in addition, Your Honor, that with reference to the amount of money taken from Shoney's, both the attorney for Shoney's, and Shoney's and Mr. Russnak and myself have been working together diligently towards the restitution with the restoration of the motorcycle that was . . . purchase[d] . . . with the funds. . . . [T]hat motorcycle has now been transferred in terms of ownership over to Shoney's and we are working towards the aspect of Shoney's either keeping the bike themselves and coming to some agreed-upon sum or having that bike sold at some period of time and applying that towards restitution. So the spirit of cooperation between him and his former employer is still there as well as having applied to that his paychecks that he still has coming to him.[1]

The trial judge sentenced Russnak to twenty years imprisonment with fifteen years suspended, on the condition that he "keep the peace, be of good behavior, violate no law of the Commonwealth or any other jurisdiction and that the Commonwealth recover against the defendant its costs by it about its prosecution in this behalf expended." The sentencing order contained no mention of restitution or probation.

---

[1] The record also reflects that in November 1986, defense counsel wrote a letter to the attorney for the restaurant enclosing a "Certificate of Origin For a Vehicle" and a "Temporary Certificate" for a motorcycle that Russnak had purchased in Texas. Defense counsel requested the restaurant's counsel to "review this information and determine if it will be sufficient to go forward with a sale of the motorcycle in Texas." Defense counsel also requested counsel or a representative of the restaurant to "appear in Hanover County Circuit Court to advise the Court of our efforts."

Russnak was paroled from the penal system in March 1988. Five months later, the trial judge issued a show cause order based upon the Commonwealth's allegation that Russnak "has made no restitution to [the restaurant] nor restitution to the Commonwealth for the costs involved in his extradition." At the show cause hearing, a probation and parole officer testified that Russnak was assigned to her in March 1988 upon his parole. She further testified that Russnak had been employed since May following his release and that he had not made restitution. On cross-examination, the parole officer stated that following Russnak's release on parole the following occurred:

I went over the court order with [Russnak] and indicated to him that the court order did not indicate that he had to pay restitution nor that he was on probation for the offense, therefore, I could not require that he make restitution or that he be supervised on probation. He's only on parole supervision.

Relying on Code § 19.2-305.1(A), the trial judge ruled that restitution was inherently part of the suspended sentence.[2] He or-

---

[2]  Code § 19.2-305.1 provides as follows:

A. Notwithstanding any other provision of law, no person convicted of a crime in violation of any provision in Title 18.2, except the provisions of Article 2 (§ 18.2-266 *et seq.*) of Chapter 7 of Title 18.2, on or after July 1, 1977, which resulted in property damage or loss, shall be placed on probation or have his sentence suspended unless such person shall make at least partial restitution for such property damage or loss, or shall be compelled to perform community services, or both, or shall submit a plan for doing that which appears to the court to be feasible under the circumstances.

B. At or before the time of sentencing, the court shall receive and consider any plan for making restitution submitted by the defendant. If the court finds such plan to be reasonable and practical under the circumstances, it may consider probation or suspension of whatever portion of the sentence that it deems appropriate. If the court suspends a portion of any sentence imposed, it may order that restitution shall commence upon the release of such person.

C. At the time of sentencing, the court, in its discretion, shall determine the amount to be repaid by the defendant and the terms and conditions thereof. If community service work is ordered, the court shall determine the terms and conditions upon which such work shall be performed. The court shall include such findings in the judgment order. The order may specify that sums paid under such order shall be paid to the clerk, who shall disburse such sums as the court may, by order, direct. Any court desiring to participate in the Setoff Debt Collection Act (§§ 58.1-520

dered Russnak to pay $2,188.01 restitution to the restaurant and to pay the Commonwealth its costs in extraditing Russnak from Texas for the 1986 trial. In addition, he ordered that Russnak be placed on supervised probation.

■ It is beyond question that "[a] court which has ordered a suspension of sentence undoubtedly has the power to revoke it when the defendant has failed to comply with the conditions of the suspension." *Griffin v. Cunningham*, 205 Va. 349, 354, 136 S.E.2d 840, 844 (1964). The Commonwealth asserts this principle and argues that "[i]n light of § 19.2-305.1(A) some form of restitution was implicit in the [sentencing] order since a suspended sentence was imposed." We disagree with that interpretation of the sentencing order. We conclude, instead, that the trial judge lacked authority to modify the sentencing order.

■ Code § 19.2-305.1 contains the statutory scheme for ordering the payment of restitution by persons "convicted of a crime in violation of any provision in Title 18.2." When a trial judge determines that restitution has not been paid, the statute requires that the trial judge, "[a]t the time of sentencing, . . . shall determine the amount to be repaid . . . and the terms and conditions thereof." Code § 19.2-305.1(C). The statute further states that the trial judge "shall include such findings in the judgment order." *Id*. The judgment order in this case, however, does not include any such findings.

■ We acknowledge that the legislature intended that probation or a suspended sentence would only be permitted if the defendant "shall make at least partial restitution for [the] property damage or loss, or shall be compelled to perform community services, or both, or shall submit a plan for doing that which appears to the court to be feasible under the circumstances." Code § 19.2-305.1(A). However, the same statute that requires restitution also requires the trial judge to make such findings in the sentencing

through 58.1-534) for the purpose of collecting fines or costs shall, at the time of sentencing, obtain the social security number of each defendant.

D. Unreasonable failure to execute the plan by the defendant shall result in revocation of the probation or imposition of the suspended sentence. A hearing shall be held in accordance with the provisions of this Code relating to revocation of probation or imposition of a suspended sentence before either such action is taken. (1977, c. 682; 1978, c. 131; 1981, c. 224; 1984, cc. 32, 269).

order. Code § 19.2-305.1(C). We believe it is patent that the legislature intended that the restitution requirement be expressly ordered.

Code § 19.2-305.1(A) allows a range of possible means of satisfying the restitution requirement: "at least partial restitution," or "community service," or some combination of restitution and community service, or "a plan for doing that which appears . . . to be feasible under the circumstances." Because of this range of possibilities, the findings by the trial judge are an essential element of the statute. In the absence of such findings, neither the victim nor the defendant can be certain of what is expected. Such uncertainty defeats the legislative purpose of requiring the defendant to conform his conduct to a standard designed to compensate for the loss that the defendant caused.

Our interpretation of the restitution statute is not inconsistent with *Marshall v. Commonwealth*, 202 Va. 217, 116 S.E.2d 270 (1960). In *Marshall*, an order granting a suspended sentence under a former statute did not include a condition of good behavior.[3] The Supreme Court stated:

Since the original statute, Acts 1918, ch. 349, p. 528, we have recognized that the power thus given is to be exercised on condition that the defendant be of good behavior and we said so in *Slayton v. Commonwealth, supra*, 185 Va. at 365, 38 S.E.2d at 483; and in *Dyke v. Commonwealth*, 193 Va.

---

[3] In pertinent part, former Code § 53-272 (now substantially rewritten as Code § 19.2-303) stated:

After a plea, a verdict or a judgment of guilty in any court having jurisdiction to hear and determine the offense with which the prisoner at the bar is charged, if there are circumstances in mitigation of the offense, or if it appears compatible with the public interest, the court may suspend the execution of sentence, in whole or in part, or the imposition of sentence or commitment, and may also place the defendant on probation under the supervision of a probation officer, during good behavior for such time and under such conditions of probation as the court shall determine. In case the prisoner has been sentenced for a misdemeanor and committed, or in case a jail sentence has been imposed upon the prisoner upon conviction of a felony, the court, or judge of such court in vacation may at any time before the sentence has been completely served, suspend the unserved portion of any such sentence, or place the defendant on probation under the supervision of a probation officer during good behavior, for such time and under such conditions of probation as the court shall determine, or otherwise modify and alter the sentence imposed if it appears compatible with the public interest.

478, 484, and at 490 (dissenting opinion), 69 S.E.2d 483, · 486, 490. While the precise point has not previously been in issue, we now hold, in view of the purpose and history of the statute and the liberal construction to be given it, that the proper construction is that the phrase "during good behavior" qualifies the power to suspend, as well as the power to place "on probation under the supervision of a probation officer," and that good behavior is a condition of every suspension, with or without probation, whether expressly so stated or not.

*Id.* at 220, 116 S.E.2d at 273. The Supreme Court also grounded its decision in that case on an alternative basis:

It seems entirely clear that the failure of a defendant to be of good behavior, amounting to substantial misconduct, during the period of suspension would provide reasonable cause for revocation of the suspension whether or not good behavior was expressly stated to be a condition of the suspension. It follows that in either aspect of the matter, whether good behavior was a condition of the suspension . . . or bad behavior a sufficient cause for revoking the suspension . . . the question here is simply whether there has been an abuse of discretion.

*Id.* at 220-21, 116 S.E.2d at 273-74.

In either event, it is important to note that *Marshall* was interpreting Code § 53-272, which contained no requirement that the trial court commit its determinations to writing. Unlike former Code § 53-272, its successor, Code § 19.2-303, requires that the terms and conditions of the restitution requirements "shall be entered in writing by the court." Likewise, Code § 19.2-305.1, which specifically addresses persons causing property loss as a result of a "violation of any provision in Title 18.2," requires that determinations concerning "the amount to be repaid . . . and the terms and conditions" of the repayment "shall" be included by the trial judge as "findings in the judgment order." Because the statute requires the trial judge to include the terms of restitution in the sentencing order, we conclude that no "implicit" requirement of "some form of restitution," as suggested by the Commonwealth,

arises from an order that is otherwise silent as to that issue.

The facts of this case demonstrate why an order fixing the terms and conditions of restitution must be contained in a sentencing order. The record reflects that at the 1986 sentencing hearing, the trial judge was made aware of efforts by Russnak's counsel to resolve the restitution question with the restaurant. Russnak had executed and assigned the title to a motorcycle to the restaurant. Russnak's counsel delivered the certificate of title to the restaurant's legal counsel prior to the sentencing hearing and Russnak's counsel informed the trial judge, prior to sentencing, that this had been done.

We are unable to glean from the record whether the trial judge at the time the sentencing order was entered concluded that satisfactory restitution had been tendered, thus obviating the need to require further payments, whether the trial judge determined to leave further restitution to Russnak and the restaurant, or whether the trial judge simply forgot to include the findings in the order. However, we believe it is significant that the trial judge's 1988 order required Russnak to make restitution only in an amount that reflects a credit for the value of the motorcycle. Moreover, the trial judge acknowledged in 1988 that Russnak had made partial restitution when he delivered to the restaurant the certificate of title to the motorcycle. *See* Code § 19.2-305.1(B) ("partial restitution" may suffice to satisfy the restitution requirement).

■ Russnak had not violated the sentencing order. Under these circumstances, the trial judge had no authority to impose probation by an order entered after Russnak had been released on parole from the Department of Corrections. Rule 1:1 allows the trial judge to modify sentences only when done within twenty-one days following entry of the sentencing order. An exception to that Rule is found in Code § 19.2-303, which allows the trial judge, "at any time before [a sentenced felon] is transferred to the Department [of Corrections], [to] suspend or otherwise modify the unserved portion of a sentence." *See also In re Department of Corrections*, 222 Va. 454, 463, 281 S.E.2d 857, 862 (1981). Only under the circumstances recited in Code § 19.2-303 may the trial judge more than twenty-one days following entry of the sentencing order, "place the person on probation" for the first time. Code § 19.2-303.

■ Although the original sentencing order suspended part of Russnak's sentence without any provision for probation, under Code § 19.2-303 that is a permissible disposition. It has been long established that a "[s]entence may be suspended without putting the defendant on probation." *Dyke v. Commonwealth*, 193 Va. 478, 482, 69 S.E.2d 483, 486 (1952). The Commonwealth points to no statutory or decisional authority, and we can find none, which permits the trial judge to modify a sentencing order after a convicted felon has been released by the Department of Corrections on parole and impose for the first time a requirement of probation.

Lastly, the 1988 show cause order requires Russnak to pay "to the Commonwealth its costs in extraditing" him for the 1986 trial. The 1986 sentencing order required Russnak to pay the Commonwealth "its costs by it about its prosecution in this behalf suspended." The Commonwealth asserts that "implicit" in the costs that the sentencing order imposed on Russnak "are the costs of extraditing the defendant from Texas." The only costs that are found in the record concerning the larceny prosecution, however, are the costs of $137.80 that were assessed in the general district court in 1986. Those costs apparently do not include expenses for extraditing Russnak from Texas. The record contains neither the amount of the extradition costs nor the basis upon which the Commonwealth asserts that the sentencing order encompasses extradition costs.

The Commonwealth also asserts that "*restitution* to the Commonwealth for the costs related to the defendant's extradition is clearly included in the sentencing order which specifies that the Commonwealth 'recover against the defendant its costs' expended for the purpose of prosecuting the defendant" (emphasis added). The record does not reflect whether the costs ordered to be paid to the Commonwealth by the 1988 show cause order are deemed to be restitution or part of the costs as ordered in the sentencing order. Therefore, we must remand the issue concerning extradition costs to the circuit court for further proceedings. We note, however, that before any restitution may be ordered to be paid to the Commonwealth pursuant to Code § 19.2-305, the defendant must be on probation. *Baker v. Commonwealth*, 230 Va. 252, 253-54, 335 S.E.2d 276, 277 (1985).

In summary, although not revoking Russnak's suspended sentence, the trial judge determined that Russnak was in violation of the sentencing order and imposed new conditions. We conclude that no violation of the suspended sentencing order occurred and that the trial judge lacked authority to impose those conditions on Russnak. Accordingly, we reverse and dismiss so much of the show cause order that (1) required Russnak to pay further restitution and (2) placed Russnak on probation. In addition, because the record does not reflect the basis for ordering Russnak to pay the costs of extradition and does not reflect the amount of the costs that was assessed in 1986, we remand this portion of the show cause order to the trial judge for reconsideration.

*Reversed and dismissed in part,*
*and remanded in part.*

Coleman, J., and Duff, J. concurred.