COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Fitzpatrick and Overton
Argued at Salem, Virginia


KAREN CHANITA POWELL

v.          Record No. 1463-95-3      MEMORANDUM OPINION[*] BY
                                      JUDGE JERE M. H. WILLIS, JR.
COMMONWEALTH OF VIRGINIA                    APRIL 23, 1996


              FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                     Clifford R. Weckstein, Judge

              John P. Varney (Office of the Public
              Defender, on brief), for appellant.

              John K. Byrum, Jr., Assistant Attorney
              General (James S. Gilmore, III, Attorney
              General, on brief), for appellee.


        Karen Chanita Powell appeals the final orders of the trial

court revoking her suspended sentences.  She contends that the

revocation is void because the trial court lacked subject matter

jurisdiction.  We disagree and affirm the judgments of the trial

court.

        On August 5, 1992, Ms. Powell was convicted of two counts of

distribution of cocaine.  On each, she was sentenced to six years

imprisonment with three years suspended.  As a condition of

suspension, she was placed on three years probation beginning the

date of her release from prison.  She was also required to pay

restitution and court costs.  She was released from prison in

August, 1993.

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Subsequent to her release, Ms. Powell committed and was convicted of two felony and one misdemeanor bad check charges, credit card theft, credit card fraud, and unlawful use of a credit card. On June 19, 1995, the Commonwealth filed a motion for revocation of Ms. Powell's suspended sentences citing her 1992 convictions and alleging that she had violated the terms of her probation by suffering new convictions and by failing to pay her court costs.

At the hearing on June 26, 1995, the Commonwealth called both 1992 cases by record number, CR92-976 and CR92-977, but the conviction orders were not introduced into evidence. Ms. Powell contends that because the conviction orders were not introduced into evidence, the trial court lacked subject matter jurisdiction to revoke her suspended sentences. We disagree.

"It is beyond question that '[a] court which has ordered a suspension of sentence undoubtedly has the power to revoke it when the defendant has failed to comply with the conditions of the suspension.'" Russnak v. Commonwealth, 10 Va. App. 317, 321, 392 S.E.2d 491, 493 (1990) (citation omitted). The trial court convicted Ms. Powell and suspended her sentence. It had authority to revoke that suspension for good cause pursuant to Code § 19.2-306. The court was not required to reacquire jurisdiction. The revocation hearing was an extension of the original proceeding, over which the trial court already had jurisdiction.

- 2 -

The judgments of the trial court are affirmed.

<u>Affirmed.</u>
