# CIRCUIT COURT OF ROCKINGHAM COUNTY

Commonwealth of Virginia

v.

Tondalya C. Washington

June 29, 2001

Case No. 2461

BY JUDGE JOHN J. MCGRATH, JR.

The Court has indicated that it will impose the five-year sentence recommended by the jury for the Defendant's conviction of malicious wounding. The matter now comes before this Court on Commonwealth's Request for Restitution. The Commonwealth requests that this Court order the Defendant to pay restitution in an amount of $8,742.41, and the Defendant objects, asserting that the Court does not have the authority to order restitution when there is no suspended sentence and the Defendant is not on probation.

The issue before this Court is whether this Court has the power to order restitution when it does not suspend any portion of a jury-recommended sentence, and the Defendant therefore is not put on probation. It appears to this Court that this is a question of first impression in Virginia and involves the reconciling of various provisions of the statutory scheme established by the Virginia General Assembly for criminal sentencing. It is important to note that that there is no constitutional challenge being asserted to the well-established jury sentencing system we have in place in the Commonwealth of Virginia.

Under Virginia's sentencing scheme, this Court must impose, which it has done, a term of confinement, in addition to the original sentence, "of not less than six months nor more than three years, which shall be suspended conditioned upon successful completion of a period of post-release supervision pursuant to § 19.2-295.2 *and compliance with such other terms as the sentencing court may require.*" *See* Va. Code § 18.2-10(G) (emphasis added). In addition, the Virginia Code provides for the mandatory imposition

of a term of post-release supervision in certain cases. Specifically, Va. Code § 19.2-295.2(A) requires that this Court must impose a term of post-release supervision of not less than six months nor more than three years, under certain qualifying circumstances, and this case is one in which a mandatory post-release term and post-release supervision period must be imposed.

Va. Code § 19.2-303 provides in pertinent part:

> [a]fter conviction, whether with or without jury, the court may suspend imposition of sentence or suspend the sentence in whole or part and in addition may place the accused on probation under such conditions as the court shall determine or may, *as a condition of a suspended sentence*, require the accused to make at least partial restitution to the aggrieved party or parties for damages or loss caused by the offense for which convicted, or to perform community service, or both, under terms and conditions which shall be entered in writing by the court. . . .

(Emphasis added.)

Furthermore, under Va. Code § 19.2-305(B), "a defendant placed on probation following conviction may be required to make at least partial restitution or reparation to the aggrieved party or parties for damages or loss caused by the offense for which conviction was had. . . ."

The Court must determine based upon the above statutory language, whether it has the power to order restitution in this matter. It is well-established that when construing a statute that a "plain and obvious and rational meaning of a statute is always preferred to any curious, narrow, or strained construction." *See Allard v. Commonwealth*, 24 Va. App. 57, 67, 480 S.E.2d 139 (1997) (quoting *Branch v. Commonwealth*, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992)). Furthermore, a fundamental rule of statutory construction requires that this Court view the entire body of legislation and the statutory scheme to determine the true intention of each part. *See Id.* at 67 (quoting *Virginia Real Estate Bd. v. Clay*, 9 Va. App. 152, 157, 384 S.E.2d 622, 625 (1989) (quoting *McDaniel v. Commonwealth*, 199 Va. 287, 292, 99 S.E.2d 623, 627 (1953))). Clearly the Court is granted statutory authority to require a Defendant who has been "placed on probation," according to Va. Code § 19.2-305, to pay restitution pursuant to Va. Code §§ 19.2-303 and 19.2-305. The fundamental question, then, is whether post release supervision equates to probation for the purposes of ordering restitution under Va. Code §§ 19.2-303 and 19.2-305.

The Virginia Court of Appeals, as the Commonwealth has correctly noted, has held that the post-release periods contemplated by Va. Code §§ 18.2-10 and 19.2-295.2 do not conflict with the Court's sentencing powers under Va. Code § 19.2-303. *See Boyd v. Commonweatlh*, 28 Va. App. 537, 540 (1998); also see *Allard v. Commonwealth*, 24 Va. App. 57, 480 S.E.2d 139 (1997). In fact, the Supreme Court has noted that sentencing procedure is a matter of legislative determination and that the jury's ascertainment is no longer necessarily the maximum punishment which may be imposed. *See Allard* at 68.

The Defendant relies solely on the language of the statutes and on *Baker v. Commonwealth*, 230 Va. 252, 335 S.E.2d, 276 (1985), for her objection to the order of restitution. In *Baker*, the Defendant was convicted in the trial court on charges of attempted grand larceny and conspiracy to commit grand larceny and was ordered to pay restitution to the Commonwealth pursuant to the former Va. Code § 19.2-305. The Supreme Court held that the trial court did not have the authority to order restitution because the statute did not apply because the Defendant was not on probation. The Commonwealth argues that the *Baker* case was decided under the former and differently worded Va. Code § 19.2-305 and that the Code did not provide for post-release supervision under Va. Code §§ 18.2-10 and 19.2-295.2. The Commonwealth also asserts that the *Allard* decision holds that the force of a jury's verdict has been changed as a result of the enactment of Va. Code § 19.2-295.2.

Clearly, in this case, the Court did not place the Defendant on probation after completion of the sentence. However, the Court has given the Defendant an additional three-year term of incarceration that was suspended contingent on completion of a term of post-release supervision as required by Va. Code §§ 18.2-10 and 19.2-295.2. The Court must view the statutes detailed, *supra*, together. The Defendant will be placed on a post-release supervision and, like probation, will be supervised by the same agency that administers probation to ensure compliance with the conditions of supervision. In fact, the powers and duties of a probation officer are the same under post-release supervision as they are with probation. *See* Va. Code § 53.1-145. Furthermore, like probation, the Defendant will be subject to having a suspended sentence revoked if she does not meet the requirements of the post-release supervision, as outlined in Va. Code §§ 18.2-10 and 19.2-295.2. Also, it is important to note that the *Allard* court, in *dicta*, even refers to the post-release supervision period as an "additional period of probation." *See Allard v. Commonwealth*, 24 Va. App. 57, 480 S.E.2d 139 (1997).

In regards to the *Baker* case, the Court finds that given the changes made by the General Assembly to Va. Code §§ 18.2-10 and 19.2-305 and with the

addition of Va. Code § 19.2-295.2 and in light of the *Allard* and *Boyd* decisions, that the *Baker* case is not applicable to the current case. The Court finds that post-release supervision does equate to probation for purposes of ordering restitution under Va. Code § 19.2-305. Even if the post-release supervision was not equated to probation, it would seem that this Court is given the discretion under Va. Code § 19.2-303, (as quoted in detail, *supra*) as a condition of a suspended sentence, to require the Defendant to make at least a partial restitution to the aggrieved party.

In light of the above considerations and the *Allard* and *Boyd* decisions, this Court is clearly given the power, in adherence to the current statutory scheme, to impose a punishment greater than the jury recommended in this case.

Therefore, the Court, as a written provision of the sentencing order, orders the Defendant to pay the following restitution:

> $4,911.16 to Blue Cross/Blue Shield
> $3,110.60 to Patricia Whitley
> $245.00 to Criminal Injuries Compensation Fund
> $211.53 to Harrisonburg Surgical Associates
> $194.87 to Harrisonburg Physicians for Anesthesiology
> $69.25 to Rockingham Radiologists

The Court orders that the Defendant pay restitution at the amount of $100.00 per month after her release from incarceration. The payment of restitution at the rate of $100.00 per month after her release from incarceration is an additional term of her post-release supervision conditions. Furthermore, any outstanding amount of restitution at the end of the post-release supervision period is to be docketed as a judgment pursuant to Va. Code § 19.2-305.2 as provided by Va. Code § 8.01-466.

The Clerk of the Court is directed to send certified copies of this Opinion and Order to Bradley J. Moyers, Esquire, Assistant Commonwealth's Attorney, and to Warren A. Picciolo, Esquire, Counsel for the Defendant.