COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Frank and Clements
Argued at Richmond, Virginia


KEITH WILLIAMS, S/K/A KEITH N. WILLIAMS
                                         MEMORANDUM OPINION* BY
v.    Record No. 2262-00-2        JUDGE JEAN HARRISON CLEMENTS
                                          FEBRUARY 5, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    James B. Wilkinson, Judge

            Gregory W. Franklin, Assistant Public
            Defender (Office of the Public Defender, on
            brief), for appellant.

            Linwood T. Wells, Jr., Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     Keith Williams appeals from a judgment of the trial court

revoking a portion of his previously suspended sentences.  On

appeal, he contends the trial court abused its discretion in

revoking his suspended sentences because no evidence was presented

showing any underlying wrongdoing.  We agree and reverse the

revocation of his previously suspended sentences.

     As the parties are fully conversant with the record in this

case, and because this memorandum opinion carries no precedential

value, this opinion recites only those facts and incidents of the

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

proceedings as necessary to the parties' understanding of the disposition of this appeal.

When the sufficiency of the evidence is challenged on appeal, we review the evidence "in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Bright v. Commonwealth, 4 Va. App. 248, 250, 356 S.E.2d 443, 444 (1987). "In so doing, we must discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." Watkins v. Commonwealth, 26 Va. App. 335, 349, 494 S.E.2d 859, 866 (1998). We are further mindful that the "credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact[ ]finder's determination." Keyes v. City of Virginia Beach, 16 Va. App. 198, 199, 428 S.E.2d 766, 767 (1993).

When the defendant has failed to comply with the conditions of a suspended sentence, the trial court has the power to revoke the sentence in whole or in part. Russnak v. Commonwealth, 10 Va. App. 317, 321, 392 S.E.2d 491, 493 (1990). "A trial court has broad discretion to revoke a suspended sentence and probation based on Code § 19.2-306, which allows a court to do so 'for any cause deemed by it sufficient.'" Davis v. Commonwealth, 12 Va. App. 81, 86, 402 S.E.2d 684, 686 (1991).

-

> "The cause deemed by the court to be
> sufficient for revoking a suspension must be
> a reasonable cause.  The sufficiency of the
> evidence to sustain an order of revocation
> 'is a matter within the sound discretion of
> the trial court.  Its finding of fact and
> judgment thereon are reversible only upon a
> clear showing of abuse of discretion.'  The
> discretion required is a judicial discretion,
> the exercise of which 'implies conscientious
> judgment, not arbitrary action.'"

Hamilton v. Commonwealth, 217 Va. 325, 327, 228 S.E.2d 555, 556 (1976) (quoting Marshall v. Commonwealth, 202 Va. 217, 220, 116 S.E.2d 270, 273 (1960) (quoting Slayton v. Commonwealth, 185 Va. 357, 367, 38 S.E.2d 479, 484 (1946))).

Williams argues the trial court abused its discretion because there was no evidence of new charges while he was on probation. Further, he contends, the evidence was not sufficient to show he attempted to rape or rob Sharon Drummer or wrongfully possessed her property.  We agree.

Here, the Commonwealth alleged that Williams had violated the conditions of his previously suspended sentence of August 26, 1999, by "having charges of possession of cocaine and felony obstruction of justice pending in the Richmond Circuit Court II" and by attempting to rape and rob Sharon Drummer.

At the commencement of the revocation proceeding, the Commonwealth stated that Williams had new charges for possession of cocaine and obstruction of justice and that he had been convicted of each.  Subsequently, Williams' attorney and the trial judge had the following exchange:

-

THE COURT: They're two convictions?

MR. STALLARD: Well, Your Honor, I would say the possession of cocaine and felony obstruction referred to in this letter are charges which he pled guilty to in July or August of last year. He was indicted again in April of this year on charges he had previously been convicted of. Those charges were nol prossed Monday last week because the other court realized they were, in fact, duplicate charges that he had previously been convicted.

THE COURT: Well, it helps the case. Okay. Go right along.

Neither the Commonwealth nor Williams presented any evidence about these charges. During the closing argument, Williams' attorney and the trial judge had the following exchange:

MR. STALLARD: Your Honor, again, the two charges, the possession of cocaine and felony obstruction charged —

THE COURT: You don't need to worry about that.

Officer Carlos Collins, the Commonwealth's only witness, testified that, when he responded to the scene at 2704 Midlothian Turnpike, he met Sharon Drummer.[1] Collins stated that, when he entered the residence, Williams was coming down the stairs with a television in his hand. Williams agreed to be searched and Officer Collins recovered two watches, a necklace, and a television remote control from Williams' right front pocket. From Williams' left front pocket, Collins recovered sunglasses and

---

[1] Sharon Drummer committed suicide several days later.

-

keys.  In Williams' right rear pocket, Collins found a purse containing a female's Virginia identification card.  Williams told Collins that Drummer had given him the purse and that he had bought the watches as a gift for her but was "taking them back."

Testifying in his own defense, Williams stated that he did not know Drummer but knew her boyfriend, Todd.  Williams added that he had earlier loaned the boyfriend and Drummer $200 to pay their rent and that, upon seeing them, asked them for his money.  Drummer's boyfriend, according to Williams, gave him the items, "their stuff," in payment of the debt they owed.  Williams also testified that, when Drummer balked at giving the items to Williams, her boyfriend said that he could do what he wanted and handed the necklace to Williams.  Williams further testified that he did not remember the identification card and denied that the officer found a wallet in his pocket.  Furthermore, according to Williams, the boyfriend was present when the police came.  A witness called on Williams' behalf testified she had taken him to the couple's home several times to attempt to collect the $200 Williams had lent them.

The trial judge made no findings of fact to support his judgment that there was sufficient cause to revoke Williams' suspended sentences.  Our review of the record convinces us that there was no evidence of new charges pending against Williams during his probation and the suspension of his sentences.  Furthermore, in his remarks to Williams' attorney, the trial judge

-

discounted this allegation as a basis for his judgment.  Likewise, there was no evidence of attempted rape or attempted robbery of Drummer.  In drawing inferences from all the circumstances, the most the fact finder could conclude was that Williams was merely in possession of property owned by or previously owned by Drummer.

We hold, therefore, that there was no reasonable cause to revoke Williams' suspended sentences.  The trial court's judgment was arbitrary and a clear abuse of discretion.  Accordingly, the revocation of Williams' previously suspended sentences is reversed.

<u>Reversed and dismissed.</u>